# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF FISH AND GAME<br><br>                Plaintiff,<br><br>         v.<br><br>FEDERAL SUBSISTENCE BOARD, *et al.,*<br><br>                Defendants. | Case No. 3:20-cv-00195-SLG |

## ORDER RE MOTIONS FOR TEMPORARY RESTRAINING ORDERS AND PRELIMINARY INJUNCTIONS

Before the Court at Docket 3 is the State of Alaska, Department of Fish and Game's ("the State") Motion for Temporary Restraining Order and Preliminary Injunction. Also before the Court at Docket 4 is the State's Motion for TRO and Preliminary Injunction.

In its Complaint, the State asserts six counts against the Federal Subsistence Board ("FSB"); David Schmid, in his official capacity as the Regional Supervisor of the U.S. Forest Service; Sonny Perdue III, in his official capacity as the U.S. Secretary of Agriculture; Gene Peltola, in his official capacity as Alaska Regional Director for the Bureau of Indian Affairs; Greg Siekaniec, in his official capacity as Alaska Regional Director for the U.S. Fish and Wildlife Service; Chad

Padgett, in his official capacity as State Director for Alaska U.S. Bureau of Land Management; Don Striker, in his official capacity as Alaska Regional Supervisor for the National Park Service; David Bernhardt, in his official capacity as the U.S. Secretary for the Interior; Anthony Christianson, in his official capacity as Chair of the FSB; Charlie Brower, in his official capacity as member of the FSB; and Rhonda Pitka, in her official capacity as member of the FSB (collectively "Defendants"). The State alleges the following counts against Defendants: (1) violation of the Open Meetings Act, (2) violation of ANILCA Title VIII by opening a hunt for deer and moose near Kake, (3) violation of ANILCA Title VIII by authorizing a hunt for deer and moose only for members of the Organized Village of Kake, (4) violation of ANILCA Title VIII by closing federal lands based on competition between hunters, (5) violation of ANILCA § 1314, and (6) violation of the Administrative Procedure Act ("APA").[1] The State seeks declaratory judgment, injunctive relief, costs and fees, and asks the Court to vacate the decisions by the FSB at issue in this action.[2]

The State's allegations arise from a series of actions taken by the FSB beginning in April, 2020. First, on April 9, 2020, in light of the COVID-19 pandemic and resulting concerns of food security, the FSB approved a process to delegate broad authority to local federal land managers to adopt emergency regulations to

---

[1] Docket 1 at 17–22, ¶¶ 65–91.

[2] Docket 1 at 22–24, ¶¶ 1–13.

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction
Page 2 of 9

Case 3:20-cv-00195-SLG Document 201 Filed 08/14/20 Page 2 of 9

allow hunting and fishing where necessary for public safety.[3] On June 22, 2020, after a hearing, the FSB approved a request from the Organized Village of Kake to open a hunt for tribal members for 30 days, with the possibility to extend for another 30 days.[4] The State alleges that testimony at the hearing confirmed that there were in fact no supply chain disruptions and that meat remained available in the village.[5] After the FSB approved the request, the local federal land manager for the region issued an Emergency Special Action Permit authorizing the tribe to engage in limited hunting from June 24, 2020 to August 22, 2020.[6] The permit allowed the tribe to select the individuals for the hunt.[7] The FSB is also currently considering a request from the Koyukuk Tribal Village for a 60-day emergency hunt, limited to three moose, due to a concern of potential food shortages.[8]

Second, the State alleges that on July 16, 2020, the FSB met and adopted a temporary special action request (WSA 20-03) to close moose and caribou hunting on federal lands in Game Management Units 13A and 13B to non-federally

---

[3] Docket 1 at 10, ¶ 40.

[4] Docket 1 at 10–12, ¶¶ 44–50.

[5] Docket 1 at 12, ¶¶ 46–48.

[6] Docket 1 at 13, ¶ 51.

[7] Docket 1 at 13, ¶ 51.

[8] Docket 1 at 13–14, ¶¶ 52–54. The State alleges that the FSB will take action on this emergency request by email poll without holding a meeting. Docket 1 at 14, ¶ 54.

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction
Page 3 of 9

Case 3:20-cv-00195-SLG Document 120 Filed 08/14/20 Page 3 of 9

qualified users as an experiment to reduce hunter competition.[9] Although the proposal was for a closure of one year, the FSB ultimately implemented a two-year closure to "reduce the administrative burden associated with processing special requests."[10]

The State now moves for a temporary restraining order and injunctive relief.[11]

## LEGAL STANDARD

The standard for obtaining a temporary restraining order is the same as that for a preliminary injunction. In *Winter v. Natural Resources Defense Council, Inc.*, the United States Supreme Court held that plaintiffs seeking preliminary injunctive relief must establish that "(1) they are likely to succeed on the merits; (2) they are likely to suffer irreparable harm in the absence of preliminary relief; (3) the balance of equities tips in their favor; and (4) a preliminary injunction is in the public interest."[12] *Winter* was focused on the second element, and clarified that irreparable harm must be likely, not just possible, for an injunction to issue.[13]

---

[9] Docket 1 at 14, ¶ 55.

[10] Docket 1 at 14, ¶ 55–56.

[11] Docket 3 and Docket 4.

[12] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1021 (9th Cir. 2009) (citing *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008)).

[13] *See Winter*, 555 U.S. at 25; *see also All. for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction
Page 4 of 9

Following *Winter*, the Ninth Circuit addressed the first element—the likelihood of success on the merits—and held that its "serious questions" approach to preliminary injunctions was still valid "when applied as a part of the four-element *Winter* test."[14] Accordingly, if a plaintiff shows "that there are 'serious questions going to the merits'—a lesser showing than likelihood of success on the merits—then a preliminary injunction may still issue if the 'balance of hardships tips *sharply* in the plaintiff's favor."[15] Injunctive relief is an equitable remedy, and "[t]he essence of equity jurisdiction is the power of the court to fashion a remedy depending upon the necessities of the particular case."[16]

## DISCUSSION

The State seeks two temporary restraining orders and preliminary injunctions.[17] The first order would prohibit implementation of the FSB's closure of moose and caribou hunting to non-federally qualified users on portions of Unit 13.[18] The State contends that a temporary restraining order and preliminary injunction is necessary "because State management of hunting is [being] unduly restricted

---

[14] *See All. for the Wild Rockies*, 632 F.3d at 1131–35.

[15] *Friends of the Wild Swan v. Weber*, 767 F.3d 936, 942 (9th Cir. 2014) (emphasis in original) (quoting *Shell Offshore, Inc. v. Greenpeace, Inc.*, 709 F.3d 1281, 1291 (9th Cir. 2013)).

[16] *Sierra Forest Legacy v. Rey*, 577 F.3d 1015, 1022 (9th Cir. 2009) (citing *United States v. Odessa Union Warehouse Co-op*, 833 F.2d 172, 175 (9th Cir. 1987)).

[17] *See* Docket 3 and Docket 4.

[18] Docket 3-4 at 1 (Proposed Order).

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction
Page 5 of 9

and Alaskans will continue to suffer immediate and irreparable harm" as their hunting opportunities are lost.[19] The State emphasizes that an immediate injunction is needed because the season for caribou opened on August 10, 2020, and the season for moose is set to open August 20, 2020.[20]

The other order sought would prohibit the FSB from (1) delegating regulatory authority to in-season managers without complying with the Open Meetings Act, (2) opening a hunt near the Organized Village of Kake to only tribal members, (3) opening any hunt for alleged COVID-19 reasons, (4) refusing to share important harvest information with the State, and (5) delegating administrative authority to entities outside a federal agency.[21] The State contends that the order is necessary to protect the "State's ability to manage fish and game" in accordance with the law, and to avoid "depriv[ation] of Alaskans, including local subsistence-dependent Alaskans, of subsistence resources in the future."[22]

Having reviewed the State's motions, the Court finds that the State has not satisfied the requirements for a TRO at this juncture. The "purpose of a TRO is to preserve the *status quo* pending a full hearing on a preliminary injunction."[23] The

---

[19] Docket 3-1 at 4, 18.

[20] Docket 3-1 at 4.

[21] Docket 4-4 at 1–2 (Proposed Order).

[22] Docket 4 at 1–2.

[23] *Bronco Wine Co. v. U.S. Dept. of Treasury*, 997 F. Supp. 1309, 1313 (E.D. Cal. 1996).

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction
Page 6 of 9
Case 3:20-cv-00195-SLG Document 121 Filed 08/14/20 Page 6 of 9

Court considered whether the *status quo* would materially change before a hearing could be held on the State's motions for preliminary injunction, and concludes that it would not. According to the State's own allegations, the FSB's delegation of authority dates back to April 9, 2020;[24] its decision on the Organized Village of Kake's emergency request to authorize the local federal authority to permit an emergency hunt occurred on June 22, 2020; the hunt began on June 24, 2020 and is set to expire August 22, 2020;[25] and the FSB's adoption of the WSA 20-03 and its proposed closure of Unit 13 occurred on July 16, 2020.[26] The closure of the state caribou hunting season is already in effect as the State waited until August 10, 2020, its opening day,[27] to file these motions for temporary restraining orders and injunctive relief.[28] Thus, with respect to all of the State's claims (excepting those relating to the moose hunting season set to open on August 20, 2020), the *status quo* is unlikely to change before the Court holds a hearing on the preliminary injunction. Moreover, the Court finds that the State's delay in requesting a TRO militates against its issuance at this time.[29] The State's delay in seeking injunctive

---

[24] Docket 1 at 10, ¶ 40.

[25] Docket 1 at 12–13, ¶¶ 49–51.

[26] Docket 1 at 14, ¶ 55.

[27] Docket 3 at 4.

[28] Docket 3 and Docket 4.

[29] *See, e.g., Rovio Ent. Ltd. v. Royal Plus Toys, Inc.*, 907 F. Supp. 2d 1086, 1097 (N.D. Cal. 2012) (reasoning that "[p]arties spurred on by the threat of an actual or immediate irreparable harm file for TROs as quickly as possible to head or stave it off" and citing to

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction
Page 7 of 9

Case 3:20-cv-00195-SLG Document 12 Filed 08/14/20 Page 7 of 9

relief "implies a lack of urgency and irreparable harm."[30] This is particularly true where the "harm has occurred."[31]

For these reasons, the Court finds that temporary restraining orders are not warranted at this time. However, the Court will establish a briefing schedule and set a hearing on the State's motions for preliminary injunction.

## CONCLUSION

In light of the foregoing, the State's motions for a temporary restraining order at Docket 3 and at Docket 4 are DENIED without prejudice. The Court orders as follows:

1. Any opposition by Defendants to the motions for a preliminary injunction shall be served and filed on or before **August 24, 2020**; the State shall serve and file any reply on or before **August 31, 2020**. A hearing on the motions will be held by videoconference on **September 8, 2020**, **at 10:00 a.m.** Counsel will receive instructions to access the virtual courtroom in a separate sealed docket entry.

---

cases where the party filed with delays of zero to ten days).

[30] *Oakland Tribune, Inc. v. Chronicle Pub. Co.,* 762 F.2d 1374, 1377–78 (9th Cir. 1985); *see, e.g., Studio 010, Inc. v. Digital Cashflow LLC*, Case No. 2:20-cv-01018-RAJ, 2020 WL 3605654 (W.D. Wash. July 2, 2020) (finding that plaintiff's "delay in seeking a TRO further undermines its claim of immediate irreparable harm" where plaintiff delayed three weeks in filing emergency motion).

[31] *Miller ex rel. NLRB v. Cal. Pac. Med. Ctr.*, 91 F.2d 536, 544 (9th Cir. 1993), *vacated on other grounds*, 19 F.3d 449 (9th Cir. 1994) (quoting *Aguayo ex rel. NLRB v. Tomco Carburetor Co.*, 853 F.2d 744, 750 (9th Cir. 1988). "[D]elay is most relevant when it 'suggests that the harm has occurred and the parties cannot be returned to the status quo.'" *W. Watersheds Project v. Bernhardt*, 391 F. Supp. 3d 1002, 1018 (D. Or. 2019) (internal quotations omitted) (quoting *Miller* 91 F.2d at 544).

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction
Page 8 of 9

Case 3:20-cv-00195-SLG Document 201 Filed 08/14/20 Page 8 of 9

Counsel is instructed to check the Court website at https://www.akd.uscourts.gov/virtual-courtrooms for any updated connection information prior to the hearing date.

2. The following procedure shall govern the hearing on the preliminary injunction motions:

(a) Each party shall be accorded a total of 30 minutes for the presentation of any evidence and argument by counsel.

(b) A party may rely on the declarations submitted with its motion, opposition or reply in lieu of, or in addition to, the presentation of direct testimony by that witness, but only so long as the declarant is available at the hearing for cross-examination.

DATED this 14th day of August, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Plaintiff's Motions for Temporary Restraining Order and Preliminary Injunction
Page 9 of 9

Case 3:20-cv-00195-SLG Document ated Filed 08/14/20 Page 9 of 9