CLYDE "ED" SNIFFEN, JR.
ACTING ATTORNEY GENERAL

Cheryl R. Brooking (Alaska Bar No. 9211069)
Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: cheryl.brooking@alaska.gov

Attorney for State of Alaska

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA,<br>Department of Fish and Game<br><br>Plaintiff(s),<br><br>v.<br><br>FEDERAL SUBSISTENCE BOARD,<br>*et al.,*<br><br>Defendant(s). | Case No.: 3:20-cv-00195-SLG<br><br>**REPLY TO FEDERAL DEFENDANTS' OPPOSITION TO PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION** |

The State of Alaska, Department of Fish and Game, hereby responds to the Federal Defendants' Opposition to Plaintiff's Motion for Preliminary Injunction, ECF No. 15. The State requested a temporary restraining order and preliminary injunction to put a halt to several violations of federal law. Defendants ("FSB") violated the federal Open Meetings Act, 5 U.S.C. § 552b, the Alaska National Interest Lands Conservation

Act ("ANILCA"), Pub. L. 96-487, the Administrative Procedure Act ("APA"), 5 U.S.C. § 701-706, and improperly delegated authority outside of a federal agency.

The State acknowledges that this court did not grant a temporary restraining order, Order re Motions for Temp. Restraining Orders and Prelim. Injs. ECF No. 10. However, the Declaration of Stephen Wackowski shows that the Secretary of Interior directed the FSB to "temporarily pause its operations in light of the State's complaint." ECF No. 15-4 at 1, ¶ 2. In effect, a temporary restraining order, that is much broader than what was requested by the State, remains in effect at this time.

## The FSB Misconstrues the Federal Open Meetings Act

The FSB asserts that it is not subject to open meeting requirements because it did not adopt regulations mandating that it comply with the statute. ECF No. 15 at 11. But Congress did not mandate application of the open meeting requirements in 5 U.S.C. 552b only for agencies who adopt regulations agreeing to comply. The statute is mandatory. Full stop.

The FSB adopted regulations giving itself the authority to establish its procedures, but this regulation, 50 CFR § 100.10(d) (4), does not override clear statutory mandates from Congress.

The FSB also suggests that this court cannot issue injunctive relief to void actions taken that were discussed at an invalid meeting because the State "cannot obtain injunctive relief solely for a violation of" 5 U.S.C. § 552b (h) (1). ECF No. 15 at 11. To

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To  Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction  Page **2** of **13**
Case 3:20-cv-00195-SLG   Document 22   Filed 08/31/20   Page 2 of 13

explain the law, subsection (h) (1) allows the court to grant injunctive relief for violations of the open meeting requirements. All discussions and actions must be taken in a publicly announced meeting where the public may be present. Subsection (h) (2) provides a limited exception where no injunction will be granted "solely" on the basis of subsection (h) (1). This limited exception does not apply because FSB also violated ANILCA, the APA, FSB's own regulations and guidelines, and the law prohibiting delegation outside of a federal agency. The State's Complaint, the State's motion for preliminary injunction, and FSB's opposition to the preliminary injunction, each address more than solely a violation of 5 U.S.C. § 552b. *See* ECF No. 1, ECF No. 4-1, and ECF No. 15.

The Kake emergency hunt was authorized at an open meeting, but the delegation of authority to the local land manager occurred on April 9, with a vote on April 14, reflected in the June 2 delegation, without a public meeting on any of those dates. ECF No. 15 at 10; ECF No. 15-2 at 1-2, ¶ 3 and 4. Even though the Board did not approve the Koyukuk Village request for an emergency COVID-19 hunt, the action taken to vote on the matter was not conducted in an open meeting and violated the Open Meetings Act. Apparently FSB believes it can freely violate federal law with no recourse.

FSB must be ordered to comply with statutory open meeting requirements.

//

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To        Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction              Page **3** of **13**
Case 3:20-cv-00195-SLG   Document 22   Filed 08/31/20   Page 3 of 13

## The FSB Violated its Own Guidelines

The delegations of authority at issue in this litigation are for a "confirmed COVID-related emergency situation relating to food security that rises to such a level that it constitutes a threat to public safety." ECF No. 15-2 at 2, ¶ 4 and 6; ECF No. 15-2 at 1-2, ¶ 3.

The guidelines for COVID-19 pandemic emergency special actions were provided as Exhibit 2 with the State's motion, and some of those factors are worth repeating again.

"Any actions so taken will be temporary in nature and will not remain in effect beyond the time that the threat to public safety has passed." ECF No. 4-3 at 4. Requests for emergency hunts were made to the FSB in April. ECF No. 4-3 at 2. Even if there had been a COVID-related food security issue in April, there was clearly no emergency situation by June 22 when the FSB authorized the emergency hunt in Kake, or by June 24 when the permit for the hunt was issued.[1]

> "No action will be taken by the Federal Subsistence Board or its delegated agent to open additional hunting or fishing opportunities prior to consultation with the ADFG and confirmation of need with the State of Alaska Unified Command Mass Care Group." ECF No. 4-3 at 4.

---

[1] FSB asserts it approved the emergency hunt on June 24, ECF No. 15 at 7, but the board's action occurred on June 22. ECF No. 4-3 at 39-43. FSB also now asserts that it approved a 60-day hunt but a 30-day hunt was authorized in the Forest Service's permit. ECF No. 15 at 8. In fact, the FSB approved a 30-day hunt but a 60-day hunt was permitted, June 24 through August 22. ECF 4-3 at 43, 46.

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To　　　　　　　　　Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction　　　　　　　　　Page **4** of **13**

First, there is no evidence that anyone at the Alaska Department of Fish and Game was contacted regarding a situation with a confirmed food security issue where an emergency COVID hunt near Kake may be authorized. The Forest Service District Ranger said he received no response, ECF No. 4-3 at 38, but we have no evidence of an attempt to engage in consultation. FSB's Memorandum, ECF No. 15, provides nothing to show consultation was attempted. FSB had the opportunity to provide evidence of who was allegedly contacted and when such contact occurred but is unable to do so because it never happened. This alone should have precluded authorization of an emergency COVID hunt.

Second, the Mass Care Group found there was no COVID-related food security issue. ECF No. 4-3 at ¶ 2n. 2; ECF No. 4-3 at 52 and 58. There was no evidence presented to the FSB regarding how food shipments arrive at stores in Kake. There is no explanation for how ferry service relates to food in the grocery store. And even if ferry service was relevant, Mr. Jackson testified a ferry arrived in Kake on June 22, the day the FSB met and approved the emergency hunt. ECF No. 4-3 at 41.

Fishing season was underway in June and the community was enjoying fresh fish. *Id.* Mr. Jackson testified that food, including meat, was available in the stores. ECF No. 4-3 at 40. There was simply no evidence that food deliveries to Kake were disrupted by COVID-19.

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To  Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction  Page **5** of **13**
Case 3:20-cv-00195-SLG   Document 22   Filed 08/31/20   Page 5 of 13

As explained in the State's memorandum in support of its motion, ECF No. 4-1, the emergency hunt was arbitrary and capricious and contrary to ANILCA, thereby violating the APA.

**The Court has Jurisdiction to Rule on the State's Request for Injunctive Relief**

The State admits that the permit for the Kake emergency COVID hunt permit expired on August 22. ECF No. 4-3 at 46. FSB asserts that the State's request to enjoin the hunt is moot and this court lacks jurisdiction because the permit expired. ECF No. 15 at 12-14. However, the permit was in effect when the State filed this case and asked for immediate injunctive relief on August 10, 2020.

Furthermore, the State's claims fall squarely within the exception to the mootness doctrine for matters that are "capable of repetition, yet evading review." ECF No. 15 at 13. This exception is recognized by the U.S. Supreme Court as a constitutional right and was applied in *Kingdom Technologies Inc. v. U.S.*, 136 S. Ct. 1969, 1976 (2016) to allow judicial review of short-term contracts that would expire in less than two years. The exception applies where the duration of the challenged action is too short to be fully litigated before it terminates, and where there is a reasonable expectation that the complaining party will be subject to the same action again. *Id.,* citing *Spencer v. Kemna,* 53 U.S. 1, 17 (1998).

The FSB issued delegations of authority to local land managers all over Alaska to adopt 60-day emergency COVID hunts; the delegations are valid for one full year until

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To  Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction  Page **6** of **13**
Case 3:20-cv-00195-SLG   Document 22   Filed 08/31/20   Page 6 of 13

June 1, 2021. ECF No. 4-3 at 5-36. Authorizations for emergency hunts are capable of repetition throughout Alaska because these delegations remain in effect and because the FSB has proven that it will not follow its own guidelines.

Emergency hunts would consistently evade judicial review. Injunctive relief is required because any 60-day emergency COVID hunt will likely be complete before a court could respond. FRCP 12(a) (2) allows federal defendants 60 days to respond to a complaint filed in federal court.

## The FSB Invalidly Delegated Authority outside a Federal Agency

FSB asserts the State did not explain why delegation outside a federal agency is improper. ECF No. 15 at 17. The State did so at ECF No. 4-1 at 15. To repeat, Congress did not authorize the FSB in ANILCA to delegate outside of a federal agency. Lacking specific authorization by Congress, delegation of hunt administration to anyone outside a federal agency, such as selecting the hunters or designating to an outside group the authority to determine who will be allowed to participate, is not authorized and violated ANILCA. *See U.S. Telecom Ass'n v. F.C.C,* 359 F. 3d 554, 565 (D.C. Cir. 2004). The Kake permit granted specific rights and administrative authority to a tribe, which is outside a federal agency.[2] The terms of the permit required that only persons selected by

---

[2] The State understands the tribe's concerns for its members. Nothing in this lawsuit is intended to challenge any valid authority the tribe may have over its members.

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To     Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction     Page **7** of **13**
Case 3:20-cv-00195-SLG   Document 22   Filed 08/31/20   Page 7 of 13

the tribe could participate. ECF No. 4-3 at 46. This is consistent with the tribe's June 4 request "to provide for our tribal citizens." ECF No. 4-3 at 37.

FSB and Sealaska compare this delegation of authority to the Copper Valley community subsistence caribou hunt adopted by the State. ECF No. 15 at 17-18; ECF No. 21-2 at 5. This is not at all the same. In fact, when the Alaska Board of Game initially adopted regulations for community hunts for moose and caribou in the Copper Valley, the State was sued and the court held that it could not delegate administrative hunt authority outside of the State. *See*, Decision on Summary Judgment at 27, *Manning v. Alaska Dep't of Fish & Game,* Case No. 3-KN-09-00178CI. Furthermore, any group of 25 members or more is eligible to participate, and the state receives a list of all members with their license information. 5 AAC 92.072(c) (1) (A). All residents are eligible, not just tribal members, which is a key distinction from the Kake emergency COVID hunt permit. The State retains oversight and administrative authority over state hunts.

### The FSB Exceeded its Authority Granted by Congress in ANILCA

The State previously explained that its authority to manage hunting and fishing, including on federal public lands, was preserved by Congress in ANILCA subject to the subsistence provisions of Title VIII. ECF No. 4-1 at 14; ANILCA § 1314. The State agrees that when ANILCA was passed Congress intended to continue subsistence uses for both native and non-native rural residents of Alaska.

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To  Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction  Page **8** of **13**
Case 3:20-cv-00195-SLG   Document 22   Filed 08/31/20   Page 8 of 13

Nothing in ANILCA authorizes a hunt only for native, or only for non-native, residents. The emergency COVID hunt in Kake, assuming it would have been otherwise authorized, violated ANILCA by limiting rights to tribal members. The permit was issued to a tribe, discriminating against non-tribal members of the community. ECF No. 4-3 at 46.

ANILCA recognizes the rights of both native and non-native rural residents to continue subsistence uses. ANILCA § 801(1). FSB suggests that it can discriminate between users, and attempts to justify its ability to do so on the basis that it has done so before. ECF 15 No. at 17. There is no legal support for FSB's assertion. This is the equivalent of suggesting that a person can violate the law next week because he or she violated the law last week and got away with it. The State is not obligated to file a lawsuit every time the FSB violates ANILCA.

Sealaska Corporation filed a motion to file an *amicus* motion on August 28, 2020. ECF No. 21. In general terms, its concern is limited to the question of whether the FSB can delegate administrative authority to a tribe. ECF No. 21-2. Sealaska concludes that neither the hunters nor the recipients of the meat were Native-only. ECF No. 21-2 at 3. But there is no evidence to show that this is a factual statement. Not until two weeks after the Kake emergency COVID hunt permit was issued did anyone address the rights of non-tribal members in the community. ECF No. 15-5. Further, there is no evidence as to whether the hunters or recipients were native or non-native, and FSB had relinquished its

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To      Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction      Page **9** of **13**
Case 3:20-cv-00195-SLG    Document 22    Filed 08/31/20    Page 9 of 13

oversight. The post-hoc email exchange and lack of information about the participants do not alter the fact that the tribe – an entity outside a federal agency – administered the hunt. And the permit, on its face, limited participation solely to tribal members which is a violation of ANILCA. The State disagrees with Sealaska that this does not discriminate against non-natives.

Closure and restrictions are authorized only as set forth by Congress in Sections 815 and 816 of ANILCA. ECF No. 4-1 at 12-13. Attempting to give itself additional authority by regulation to open emergency COVID hunts is not within the authority Congress granted in Title VIII of ANILCA. It should be noted that the State has the statutory authority to open or close hunts "when circumstances require" under AS 16.05.060. FSB has no such authority.

The State's challenge to the application of 50 CFR 100.19 is not time-barred. The Ninth Circuit recognizes that a challenge to the application of a regulation is measured from the time the regulation is applied. *Wind River Mining Corp. v. United States*, 946 F.2d 710, 716 (9th Cir. 1991). Although the State very clearly objected to FSB's attempt to improperly expand its authority in 2010, ECF No. 15 at 17 and ECF No. 15-6, the State does not object to the validity of the regulation to the extent it allows hunts closed by the FSB to be reopened. However, the State strongly objects to the application of 50 CFR § 100.19 to open an emergency COVID hunting or fishing opportunity. The State's challenge is timely and valid and was made within weeks of the FSB's application of the

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To            Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction                             Page **10** of **13**
Case 3:20-cv-00195-SLG   Document 22   Filed 08/31/20   Page 10 of 13

regulation to delegate authority to open hunts (June 2, 2020) and to authorize an emergency COVID hunt (June 22, 2020).

//

### The State has shown that it is Likely to Succeed on the Merits and is entitled to a Preliminary Injunction

For the reasons stated above and as explained in the State's motion for a preliminary injunction, ECF No. 4-1, the State has shown that a preliminary injunction is necessary and warranted.

The FSB's actions were arbitrary and capricious, not in accordance with law, and not supported by substantial evidence. The State provided a multitude of facts to show that FSB violated the standards of the APA and is entitled to relief. The state is not bringing a stand-alone APA claim, as FSB suggested at ECF No. 15 at 19. Nor is it bringing a stand- alone Open Meeting claim, as described above. The State has shown violations of ANILCA, APA, the Open Meetings Act, and more.

The State manages fish and wildlife in Alaska and strives to work with the best available information. The State acknowledges that, despite refusing to share certain hunt and hunter information regarding the Kake emergency moose and deer hunt with the State, all requested information was received in August. Contrary to statements made by Theodore Matuskowitz that the State's request for information was "unusual," ECF 15-3

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To  Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction  Page **11** of **13**
Case 3:20-cv-00195-SLG   Document 22   Filed 08/31/20   Page 11 of 13

at 1, ¶3, this information is routinely requested for all antler-restricted State moose hunts in Southeast Alaska.[3] FSB's ongoing reluctance is evidence that it may withhold important information from the State in the future.

> Agency action will be struck down as arbitrary and capricious if the agency has relied on factors which Congress has not intended it to consider, entirely failed to consider an important aspect of the problem, offered an explanation for its decision that runs counter to the evidence before the agency, or if the agency's decision is so implausible that it could not be ascribed to a difference in view or the product of agency expertise.[4]

Injunctive relief is necessary. Without an injunction, other COVID hunts may be authorized. Without an injunction, the FSB may open hunting and fishing opportunities on federal lands throughout Alaska in closed meetings with no public awareness or involvement. Without an injunction, the State will lack hunting, fishing, and population data important to ongoing management to meet the State's sustained yield constitutional mandate.

DATED: August 31, 2020.

CLYDE "ED" SNIFFEN, JR.
ACTING ATTORNEY GENERAL

By: /s/Cheryl R. Brooking
    Cheryl R. Brooking

---

[3]     Exhibit 1, State moose and deer permits for Southeast.

[4]     *Turtle Island Restoration Network v. U.S. Dep't of Commerce*, 878 F.3d 725, 732-33 (9th Cir. 2017).

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To      Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction      Page **12** of **13**
Case 3:20-cv-00195-SLG    Document 22    Filed 08/31/20    Page 12 of 13

Assistant Attorney General
Alaska Bar No. 9211069
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Phone: (907) 269-5232
Facsimile: (907) 276-3697
Email: cheryl.brooking@alaska.gov
Attorney for State of Alaska

**Certificate of Service**

I hereby certify that a true and correct copy of the foregoing documents were filed with the Clerk of the Court for the United States District Court – District of Alaska by using the CM/ECF system. Participants in Case No.: 3:20-cv-00195-SLG who are registered CM/ECF users will be served by the CM/ECF system.

Dated August 31, 2020

/s/Suzanne N. Marsh
Law Office Assistant I

*ADF&G v. Federal Subsistence Board*
Reply To Federal Defendants' Opposition To            Case No.: 3:20-cv-00195-SLG
Plaintiff's Motion For Preliminary Injunction                          Page **13** of **13**
Case 3:20-cv-00195-SLG   Document 22   Filed 08/31/20   Page 13 of 13