# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF FISH AND GAME<br><br>Plaintiff,<br><br>v.<br><br>FEDERAL SUBSISTENCE BOARD, *et al.*,<br><br>Defendants,<br><br>v.<br><br>ORGANIZED VILLAGE OF KAKE*,*<br><br>Defendant-intervenor. | Case No. 3:20-cv-00195-SLG |

## ORDER GRANTING MOTION TO INTERVENE

Before the Court at Docket 20 is the Organized Village of Kake's Motion to Intervene.[1]

On August 10, 2020, the State of Alaska, Department of Fish and Game ("the State") commenced this action against the Federal Subsistence Board ("FSB"), and several federal officials (collectively "Defendants").

---

[1] Defendants filed a response at Docket 26, stating that they do not oppose the motion.

The State alleges six counts against Defendants.² Several of the State's allegations arise in connection with the FSB's decision in April 2020, in light of the COVID-19 pandemic and concerns of food security, to delegate authority to local federal land managers to open seasons for hunting and fishing and to authorize temporary hunting seasons where necessary for public safety.³ On June 24, 2020, following a vote by the FSB in support of an emergency hunt, District Ranger Ted Sandhofer authorized the Organized Village of Kake to harvest up to 2 antlered bull moose and 5 male Sitka black-tailed deer from June 24, 2020 to August 22, 2020.⁴ The hunt concluded on July 24, 2020.⁵ On August 27, 2020, the Organized Village of Kake filed the instant motion to intervene.⁶

## LEGAL STANDARD

Federal Rule of Civil Procedure 24 provides, in part, that "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's

---

² Docket 1 at 22–24, ¶¶ 1–13.

³ Docket 1 at 2, ¶ 1; Docket 1 at 17–18, ¶¶ 66–67 (Count I); Docket 1 at 18–19, ¶¶ 71–73 (Count II); Docket 1 at 19, ¶¶ 75–76 (Count III); Docket 1 at 20, ¶¶ 82–83 (Count V); Docket 1 at 21, ¶¶ 86–88 (Count VI); Docket 15-2 at 1 (Decl. Lisa Maas); Docket 4-3 at 1.

⁴ Docket 4-3 at 46.

⁵ Docket 15-2 at 3, ¶ 12 (Decl. Theodore Matsukowitz).

⁶ Docket 20.
Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Motion to Intervene
Page 2 of 4
Case 3:20-cv-00195-SLG   Document 27   Filed 09/14/20   Page 2 of 4

ability to protect its interest, unless existing parties adequately represent that interest."

The Ninth Circuit applies a four-part test under this rule:

> (1) the motion must be timely; (2) the applicant must claim a 'significantly protectable' interest relating to the property or transaction which is the subject of the action; (3) the applicant must be so situated that the disposition of the action may as a practical matter impair or impede its ability to protect that interest; and (4) the applicant's interest must be inadequately represented by the parties to the action.[7]

## DISCUSSION

The Court finds that the Organized Village of Kake satisfies the requirements for intervention as a matter of right under Fed. R. Civ. P. 24(a)(2).

First, the motion to intervene is timely; it was filed just 17 days after this action was commenced, and before briefing was complete on the motions for preliminary injunction. Neither party will be prejudiced by intervention at this stage of the proceedings. Second, the Organized Village of Kake has a cognizable interest in the FSB's authority to open emergency hunts in the event of food shortages caused by the COVID-19 pandemic. Third, resolution of the instant action could impair or impede the Organized Village of Kake's ability to protect its interest. A determination that the FSB does not have the authority to open emergency hunts for food shortages would impact the Organized Village of Kake.

---

[7] *Wilderness Soc'y v. U.S. Forest Serv.*, 630 F.3d 1173, 1177 (9th Cir. 2011) (quoting *Sierra Club v. EPA*, 995 F.2d 1478, 1481 (9th Cir. 1993)).

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Motion to Intervene
Page 3 of 4
Case 3:20-cv-00195-SLG   Document 27   Filed 09/14/20   Page 3 of 4

And finally, the Court finds that the interests of the Organized Village of Kake are not adequately represented by the existing parties.[8]  Although its interests in this case align with those of Defendants, they remain separate and distinct enough that Defendants will not "undoubtedly make all of a proposed intervenor's arguments."[9]

## CONCLUSION

In light of the foregoing, the Organized Village of Kake's unopposed Motion to Intervene at Docket 20 is GRANTED.  The Organized Village of Kake is joined as a defendant-intervenor in this case, and the case caption is modified accordingly as set forth above.

DATED this 14th day of September, 2020, at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

---

[8] The Ninth Circuit has expressed that "the burden on proposed intervenors in showing inadequate representation is minimal, and would be satisfied if they could demonstrate that representation of their interests 'may be' inadequate. *Arakaki v. Cayetano*, 324 F.3d 1078, 1086 (9th Cir. 2003).

[9] *Id.*

Case No. 3:20-cv-00195,  *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*
Order re Motion to Intervene
Page 4 of 4
Case 3:20-cv-00195-SLG   Document 27   Filed 09/14/20   Page 4 of 4