PAUL E. SALAMANCA
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0506 (fax)
paul.turcke@usdoj.gov

*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA, Department of Fish and Game, <br><br>　　　Plaintiff, <br><br>　v. <br><br> The FEDERAL SUBSISTENCE BOARD, *et al.*, <br><br>　　　Federal Defendants. | Case No. 3:20-cv-00195-SLG |

**DEFENDANTS' ANSWER TO COMPLAINT**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Defendants Federal Subsistence Board (the "Board"); David Schmid, in his official capacity as the Alaska Regional Forester for the United States Forest Service; Sonny Perdue III, in his official capacity as the United States Secretary of Agriculture; Gene Peltola, in his official capacity as Alaska Regional Director, Bureau of Indian Affairs; Greg Siekanic, in his official capacity as Alaska Regional Director, United States Fish and Wildlife Service;

Chad Padgett, in his official capacity as State Director for Alaska, United States Bureau of Land Management; Don Striker, in his official capacity as Acting Regional Director, National Park Service; David Bernhardt, in his official capacity as the United States Secretary of the Interior; Anthony Christianson, in his official capacity as Chair of the Federal Subsistence Board; Charlie Brower, in his official capacity as Member of the Federal Subsistence Board; and Rhonda Pitka, in her official capacity as Member of the Federal Subsistence Board; plead as follows in response to Plaintiff's Complaint, *see* ECF No. 1.

## INTRODUCTION

1. The allegations of Paragraph 1 constitute Plaintiff's characterization of its case, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

2. The allegations of Paragraph 2 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

3. The allegations of Paragraph 3 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

4. The allegations of Paragraph 4 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

5. The allegations of the first sentence of Paragraph 5 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations. Defendants admit the allegations of the second and third sentences of Paragraph 5.

## PARTIES

6. In response to the allegations of Paragraph 6, Defendants acknowledge the State of Alaska is a sovereign state within the United States, which conducts management of fish and wildlife, and their habitat, through its Department of Fish and Game. The allegations of Paragraph 6 otherwise purport to characterize the cited provisions of the Alaska Constitution and statutes, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

7. Defendants admit the allegations of Paragraph 7.

8. Defendants deny the allegations of Paragraph 8.

9. Defendants deny the allegations of Paragraph 9.

10. The allegations of Paragraph 10 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

11. The allegations of Paragraph 11 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

12. Defendants admit the allegations of Paragraph 12.

13. Defendants admit the allegations of Paragraph 13.

14. Defendants admit the allegations of Paragraph 14.

15. Defendants admit the allegations of Paragraph 15.

16. Defendants note that Defendant Striker's title is Acting Regional Director of the National Park Service, and otherwise admit the allegations of Paragraph 16.

17. Defendants admit the allegations of Paragraph 17.

18. Defendants note that Defendant Schmid's title is Alaska Regional Forester, and otherwise admit the allegations of Paragraph 18.

19. Defendants admit the allegations of Paragraph 19.

20. Defendants admit the allegations of Paragraph 20.

21. Defendants admit the allegations of Paragraph 21.

## LEGAL BACKGROUND

22. The allegations of Paragraph 22 purport to characterize the Alaska National Interest Lands Conservation Act ("ANILCA"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

23. The allegations of Paragraph 23 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

24. The allegations of Paragraph 24 purport to characterize ANILCA, which

speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

25. The allegations of Paragraph 25 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

26. The allegations of Paragraph 26 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

27. The allegations of Paragraph 27 purport to characterize ANILCA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

28. The allegations of Paragraph 28 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

29. The allegations of Paragraph 29 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

30. The allegations of Paragraph 30 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

31. The allegations of Paragraph 31 purport to characterize the cited

regulation at 50 C.F.R. § 100.19(b), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

32. The allegations of Paragraph 32 purport to characterize the Open Meetings Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

33. The allegations of Paragraph 33 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

34. The allegations of Paragraph 34 purport to characterize the Open Meetings Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

35. The allegations of Paragraph 35 purport to characterize the Open Meetings Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

36. The allegations of Paragraph 36 are vague and ambiguous, and Defendants on that basis deny them.

37. The allegations of Paragraph 37 purport to characterize the Open Meetings Act, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

38. The allegations of Paragraph 38 purport to characterize the

Administrative Procedure Act ("APA"), which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

39. The allegations of Paragraph 39 purport to characterize the APA, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

40. The allegations of Paragraph 40 purport to characterize the cited Memorandum OSM 2022.SD, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

41. Defendants deny the allegations of Paragraph 41.

42. The allegations of Paragraph 42 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

43. The allegations of Paragraph 43 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

44. Defendants admit receiving the referenced documents from the Organized Village of Kake dated April 13, 2020, and June 4, 2020. The allegations of Paragraph 44 otherwise purport to characterize those documents, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain

language, meaning, and context are denied.

45. The allegations of Paragraph 45 purport to characterize a letter submitted to the Board by District Ranger Ted Sandhofer, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to the document's plain language, meaning, and context are denied.

46. In response to the allegations of Paragraph 46, Defendants admit that the Board conducted a meeting on June 22, 2020, during which the Board considered WSA 19-14, including testimony from Joel Jackson, President of the Organized Village of Kake, and otherwise deny the allegations.

47. The allegations of Paragraph 47 purport to characterize President Jackson's testimony before the Board as reflected in the cited Transcript, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

48. The allegations of Paragraph 48 purport to characterize a cited online link regarding ferry service provided by the Alaska Marine Highway, which speaks for itself and provides the best evidence of its contents. At the time of compiling this Answer, Defendants were unable to view any content at the cited link, and thus lack information and knowledge sufficient to form a belief as to the truth of the allegations in Paragraph 48 and deny these allegations on that basis.

49. The allegations of Paragraph 49 purport to characterize the Board's action on WSA 19-14 as reflected in the cited Transcript. The Board's action, as documented in

the Transcript and other written documents, speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

50. The allegations of Paragraph 50 purport to characterize the briefing by Lisa Maas to the Board during the June 22 meeting and 50 CFR §100.25(a), which speak for themselves and provides the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

51. The allegations of Paragraph 51 purport to characterize the cited Emergency Special Action permit, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

52. The allegations of Paragraph 52 purport to characterize documents presented to the Board within Wildlife Special Action ("WSA") 19-15, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to the documents' plain language, meaning, and context are denied.

53. Defendants deny the allegations of Paragraph 53.

54. The allegations of Paragraph 54 purport to characterize the cited e-mail dated July 22, 2020, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

55. In response to the allegations of Paragraph 55, Defendants admit that the Board conducted a meeting on July 16, 2020, during which the Board considered

Wildlife Special Action ("WSA") 20-03. The allegations of Paragraph 55 otherwise purport to characterize the Board's decision on WSA 20-03, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

56. The allegations of Paragraph 56 purport to characterize the Board's decision on WSA 20-03 and cited portions of the Transcript, which speak for themselves and provides the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

57. The allegations of Paragraph 57 purport to characterize the cited portions of the Transcript, which speak for themselves and provides the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

58. In response to the allegations of Paragraph 58, Defendants admit that the Board conducted an executive session during its meeting on July 16, 2020, and aver that the executive session related solely to matters appropriately considered in executive session and did not involve any consideration of, or deliberation upon, WSA 20-03.

59. In response to the allegations of Paragraph 59, Defendants admit that the Board received and considered the Memorandum from Ben Mulligan dated May 22, 2020. The allegations of Paragraph 59 are otherwise vague and ambiguous, and Defendants on that basis deny them.

60. Defendants admit the allegations of the first sentence of Paragraph 60.

Defendants deny the allegations of the second sentence of Paragraph 60. The allegations of the third sentence of Paragraph 60 purport to characterize the cited portions of the Transcript, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied.

61. The allegations of Paragraph 61 purport to characterize the cited portions of the Transcript, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants deny any remaining allegations of Paragraph 61.

62. The allegations of Paragraph 62 purport to characterize the cited News Release dated July 31, 2020, which speaks for itself and provides the best evidence of its contents. Any allegations contrary to its plain language, meaning, and context are denied.

63. The allegations of Paragraph 63 are vague and ambiguous, and Defendants on that basis deny them.

64. The allegations of Paragraph 64 purport to characterize the cited State hunting regulations, which speak for themselves and provide the best evidence of their contents. Any allegations contrary to their plain language, meaning, and context are denied. Defendants lack knowledge and information sufficient to form a belief as to the truth of any additional allegations of Paragraph 64 and on that basis deny them.

## FIRST CLAIM FOR RELIEF

65. The responses to Paragraphs 1 through 64 are incorporated here by reference.

66. The allegations of Paragraph 66 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

67. Defendants deny the allegations of Paragraph 67.

68. Defendants deny the allegations of Paragraph 68.

69. Defendants deny the allegations of Paragraph 69.

## SECOND CLAIM FOR RELIEF

70. The responses to Paragraphs 1 through 69 are incorporated here by reference.

71. The allegations of Paragraph 71 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

72. Defendants deny the allegations of Paragraph 72.

73. Defendants deny the allegations of Paragraph 73.

## THIRD CLAIM FOR RELIEF

74. The responses to Paragraphs 1 through 73 are incorporated here by reference.

75. The allegations of Paragraph 75 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

76. Defendants deny the allegations of Paragraph 76.

## FOURTH CLAIM FOR RELIEF

77. The responses to Paragraphs 1 through 76 are incorporated here by reference.

78. The allegations of Paragraph 78 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

79. Defendants deny the allegations of Paragraph 79.

80. Defendants deny the allegations of Paragraph 80.

## FIFTH CLAIM FOR RELIEF

81. The responses to Paragraphs 1 through 80 are incorporated here by reference.

82. The allegations of Paragraph 82 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

83. Defendants deny the allegations of Paragraph 83.

## SIXTH CLAIM FOR RELIEF

84. The responses to Paragraphs 1 through 83 are incorporated here by reference.

85. The allegations of Paragraph 85 consist of legal conclusions, to which no response is required. To the extent a response is deemed required, Defendants deny each of the allegations.

*State of Alaska v. Federal Subsistence Board*
Defs.' Answer to Complaint

Case No. 20-cv-00195-SLG
13

Case 3:20-cv-00195-SLG   Document 30   Filed 10/13/20   Page 13 of 15

86. Defendants deny the allegations of Paragraph 86.

87. Defendants deny the allegations of Paragraph 87.

88. Defendants deny the allegations of Paragraph 88.

89. Defendants deny the allegations of Paragraph 89.

90. Defendants deny the allegations of Paragraph 90.

91. Defendants deny the allegations of Paragraph 91.

## REQUEST FOR RELIEF

The remainder of the Complaint constitutes Plaintiff's request for relief, to which no response is required. To the extent a response may be deemed required, Defendants deny that Plaintiff is entitled to the relief sought or any form of relief.

## GENERAL DENIAL

Defendants deny any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing to bring some or all of their claims.

3. Some or all of Plaintiff's claims are moot.

4. Plaintiff has failed to demonstrate that some or all of its claims are ripe for judicial review.

5. Plaintiff has failed to properly establish subject matter jurisdiction.

DATED: October 13, 2020.
PAUL E. SALAMANCA
Deputy Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Div.

*/s/ Paul A. Turcke*
PAUL A. TURCKE
Idaho Bar No. 4759
Trial Attorney
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 || 202-305-0506 (fax)
paul.turcke@usdoj.gov

*Counsel for Defendants*

Of Counsel:

KENNETH LORD
Attorney Advisor
Office of the Regional Solicitor, Alaska Region
U.S. Department of the Interior
4230 University Drive, Suite 300
Anchorage, AK 99508
907-271-4184
ken.lord@sol.doi.gov

# CERTIFICATE OF SERVICE

I hereby certify that on October 13, 2020, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

*/s/ Paul A. Turcke*
PAUL A. TURCKE

*State of Alaska v. Federal Subsistence Board*
DEFS.' ANSWER TO COMPLAINT

Case No. 20-cv-00195-SLG
15

Case 3:20-cv-00195-SLG   Document 30   Filed 10/13/20   Page 15 of 15