Matthew N. Newman (ABA No. 1305023)
Erin C. Dougherty Lynch (ABA No. 0811067)
Heather R. Kendall Miller (ABA No. 9211084)
NATIVE AMERICAN RIGHTS FUND
745 W. 4th Avenue, Suite 502
Anchorage, Alaska 99501
Telephone: (907) 276-0680
Facsimile: (907) 276-2466
mnewman@narf.org
dougherty@narf.org
kendall@narf.org

*Attorneys for Intervenor-Defendant Organized Village of Kake*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF FISH AND GAME, <br><br> Plaintiffs, <br><br> v. <br><br> FEDERAL SUBSISTENCE BOARD, *et al.*, <br><br> Defendants, <br><br> and <br><br> ORGANIZED VILLAGE OF KAKE, <br><br> Intervenor-Defendant. | Case No. 3:20-cv-00195-SLG |

## ORGANIZED VILLAGE OF KAKE'S ANSWER TO COMPLAINT

Intervenor-Defendant's Answer — Page **1** of **15**
*State of Alaska v. Federal Subsistence Board* — Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 1 of 15

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, Intervenor-Defendant Organized Village of Kake ("the Tribe") pleads as follows in response to Plaintiff's complaint. ECF No. 1.

## INTRODUCTION

1. Paragraph 1 of the complaint contains Plaintiff's characterization of this case and no response is required. To the extent that a response is required, the Tribe denies Plaintiff's allegations.

2. The allegations in Paragraph 2 consist of legal conclusions, to which no response is required. But to the extent that a response is required, the Tribe denies Plaintiff's allegations.

3. The allegations in Paragraph 3 are legal conclusions, to which no response is required but to the extent that a response may be required, the Tribe denies the allegations.

4. The allegations in Paragraph 4 are legal conclusions that do not require a response. To the extent that a response is required, the Tribe denies the allegations.

5. The allegations in Paragraph 5 are legal conclusions that do not require a response. To the extent that a response is required, the Tribe denies Plaintiff's allegations.

## PARTIES

6. The Tribe admits that Plaintiff Alaska is a sovereign state. The other allegations in Paragraph 6 characterize the Alaska Constitution and Alaska statutory

Intervenor-Defendant's Answer  Page **2** of **15**
*State of Alaska v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG
Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 2 of 15

provisions and no response is required. Those provisions speak for themselves and to the extent that a response is required, the Tribe denies Plaintiff's allegations.

7. The Tribe admits the allegation in Paragraph 7.

8. The allegations in Paragraph 8 are legal conclusions that do not require a response. To the extent that a response is required, the Tribe denies the allegations.

9. The Tribe denies the allegations in paragraph 9.

10. The Tribe denies the allegations in paragraph 10.

11. Paragraph 11 contains legal conclusions to which no response is required. To the extent any response is required, the Tribe denies Plaintiff's allegations and conclusions.

12. The Tribe admits the allegations in Paragraph 12.

13. The Tribe admits the allegations in Paragraph 13.

14. The Tribe admits the allegations in Paragraph 14.

15. The Tribe admits the allegations in Paragraph 15.

16. The Tribe joins the Defendants in noting that Defendant Striker's title is Acting Regional Director of the National Park Service, and otherwise admits the allegations of Paragraph 16.

17. The Tribe admits the allegations in Paragraph 17.

18. The Tribe joins the Defendants in noting that Defendant Schmid's title is Alaska Regional Forester, and otherwise admits the allegations of Paragraph 18.

19. The Tribe admits the allegations in Paragraph 19.

20. The Tribe admits the allegations in Paragraph 20.

Intervenor-Defendant's Answer                                                             Page **3** of **15**
*State of Alaska v. Federal Subsistence Board*                                    Case No. 3:20-cv-00195-SLG
Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 3 of 15

21. The Tribe admits the allegations in Paragraph 21.

## LEGAL BACKGROUND

22. This paragraph contains the statutory language of 16 U.S.C. § 3112(3) and a characterization of that language, to which no response is required. The language speaks for itself and to the extent that any response is required, the Tribe denies Plaintiff's allegations.

23. The allegations in Paragraph 23 characterize the statutory language of 16 U.S.C. § 3202 to which no response is required. To the extent that any response is required, the Tribe denies Plaintiff's characterizations.

24. The allegations in Paragraph 24 characterize the statutory language of 16 U.S.C. § 3112 and no response is required. But to the extent that any response is required, the Tribe denies Plaintiff's characterization and allegations.

25. The allegations in Paragraph 25 characterize the statutory language of 16 U.S.C. § 3125 and no response is required. But to the extent that any response is required, the Tribe denies Plaintiff's characterization and allegations.

26. The allegations in Paragraph 26 characterize the statutory language of 16 U.S.C. § 3126 and no response is required. But to the extent that any response is required, the Tribe denies Plaintiff's characterization and allegations.

27. The allegations in Paragraph 27 characterize the statutory language of 16 U.S.C. § 3114 and no response is required. But to the extent that any response is required, the Tribe denies Plaintiff's characterization and allegations.

Intervenor-Defendant's Answer  Page **4** of **15**
*State of Alaska v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG
Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 4 of 15

28. The allegations in Paragraph 28 are legal conclusions to which no response is required. However, to the extent that any response is required, the Tribe denies Plaintiff's allegations.

29. The allegations in paragraph 29 are legal conclusions to which no response is required. To the extent that any response is required, the Tribe denies Plaintiff's allegations.

30. The allegations in paragraph 30 are legal conclusions to which no response is required. To the extent that any response is required, the Tribe denies Plaintiff's allegations.

31. The allegations in Paragraph 26 characterize the language of 50 C.F.R. § 100.19(b) and no response is required. But to the extent that any response is required, the Tribe denies Plaintiff's characterization and allegations.

32. The allegations in Paragraph 32 characterize the language of the Open Meetings Act, 5 U.S.C. § 552b, and no response is required. To the extent that any response is required, the Tribe denies Plaintiff's characterization and allegations.

33. The allegations in Paragraph 33 are legal conclusions and no response is required. To the extent that a response is required, the Tribe denies Plaintiff's legal conclusions and allegations.

34. The allegations in Paragraph 34 are legal conclusions and no response is required. To the extent that a response is required, the Tribe denies Plaintiff's legal conclusions and allegations.

Intervenor-Defendant's Answer  Page **5** of **15**
*State of Alaska v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 5 of 15

35. The allegations in Paragraph 35 are legal conclusions and no response is required. To the extent that a response is required, the Tribe denies Plaintiff's legal conclusions and allegations.

36. The allegations in Paragraph 36 are broad characterizations not fully supported by the accompanying citation to the Federal Register. The Tribe denies these allegations.

37. The allegations in Paragraph 37 are characterizations of 5 U.S.C. § 552(h) and no response is required. To the extent that a response is required, the Tribe denies the Plaintiff's allegations.

38. The allegations in Paragraph 38 are Plaintiff's characterizations of the Administrative Procedures Act and conclusions of law and no response is required. To the extent that a response is required, the cited portions of the statute speak for themselves and the Tribe denies Plaintiff's characterizations and conclusions of law.

39. Paragraph 39 contains a quotation from the Administrative Procedures Act and no response is required. To the extent that a response is required, the quoted language speaks for itself and the Tribe denies Plaintiff's allegations.

40. The allegations in Paragraph 38 are Plaintiff's characterizations of the cited memorandum and conclusions of law and no response is required. To the extent that a response is required, the memorandum speaks for itself and the Tribe denies Plaintiff's characterizations and conclusions of law.

41. The Tribe denies the allegations in paragraph 41.

Intervenor-Defendant's Answer　　　　　　　　　　　　　　　　　　　　　　　　　　Page **6** of **15**
*State of Alaska v. Federal Subsistence Board*　　　　　　　　　　　　　　　　Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG　　Document 31　　Filed 10/19/20　　Page 6 of 15

42. The allegations in Paragraph 42 are Plaintiff's characterizations of the cited memorandum and conclusions of law and no response is required. To the extent that a response is required, the memorandum speaks for itself and the Tribe denies Plaintiff's characterizations and conclusions of law.

43. The allegations in Paragraph 43 are Plaintiff's characterizations of the cited memorandum and conclusions of law and no response is required. To the extent that a response is required, the memorandum speaks for itself and the Tribe denies Plaintiff's characterizations and conclusions of law.

44. The Tribe admits the allegations in Paragraph 44.

45. The allegations in Paragraph 45 are characterizations of a letter and no response is required. To the extent that a response is required, the letter speaks for itself and the Tribe denies Plaintiff's characterizations.

46. The Tribe admits that the Federal Subsistence Board held a meeting on July 22, 2020 and that President Joel Jackson testified at that meeting on behalf of the Organized Village of Kake. The Tribe denies any other allegations made in Paragraph 46.

47. The allegations in Paragraph 47 characterize President Joel Jackson's July 22, 2020 testimony and no response is required. However, the transcript of his testimony speaks for itself and to the extent that any response is required, the Tribe denies the allegations and characterizations.

48. The allegations in Paragraph 48 are characterizations of the Alaska Marine Highway ferry schedule and no response is required. The linked schedule speaks for

Intervenor-Defendant's Answer — Page **7** of **15**
*State of Alaska v. Federal Subsistence Board* — Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 7 of 15

itself but to the extent that a response is required, the Tribe denies Plaintiff's characterizations and allegations.

49. The allegations of Paragraph 49 are characterizations of the Federal Subsistence Board's actions and do not require a response. The meeting materials speak for themselves and to the extent that a response is required, the Tribe denies Plaintiff's allegations.

50. The allegations in Paragraph 50 characterize the opinion from Lisa Maas and contain legal conclusions about that opinion and 50 CFR § 100.25(a) and no response is required. The Maas opinion and quoted language speak for themselves and to the extent that any response is required, the Tribe denies the allegations and characterizations.

51. The allegations in Paragraph 51 characterize the Emergency Special Action Permit and no response is required. The text of that Permit speaks for itself but to the extent that a response is required, the Tribe denies Plaintiff's allegations and characterizations.

52. Paragraph 52 contains a characterization of the Koyukuk Tribal Village's emergency hunt request and no response is required. To the extent that a response is required, the request speaks for itself and the Tribe denies Plaintiff's allegations and characterizations.

53. The Tribe does not have sufficient information to admit or deny the allegations in Paragraph 53.

Intervenor-Defendant's Answer  Page **8** of **15**
*State of Alaska v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG
Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 8 of 15

54. The allegations in Paragraph 54 are a characterization of an email and no response is required. The email from Lisa Maas speaks for itself but to the extent that a response is required, the Tribe denies Plaintiff's allegations and characterization.

55. The Tribe admits that the Federal Subsistence Board met on July 16, 2020 but the other allegations in Paragraph 55 characterize the meeting and the outcome of the meeting, including the adoption of WSA 20-03, and no response to those characterizations is required. The language of the adopted WSA 20-03 speaks for itself and to the extent that a response is required, the Tribe denies Plaintiff's allegations and characterizations.

56. The allegations in Paragraph 56 characterize WSA 20-03 and contain legal conclusions about 50 CFR § 100.19(b)(2) and no response is required. WSA 20-03, 50 CFR § 100.19(b)(2), and the transcript of the Board proceedings speak for themselves. To the extent a response is required, the Tribe denies Plaintiff's characterizations and conclusions of law.

57. Paragraph 57 characterizes portions of the transcript and no response is required. The transcript speaks for itself and to the extent that any response is required, the Tribe denies Plaintiff's characterizations and allegations.

58. Paragraph 58 characterizes the Federal Subsistence Board's actions and no response is required. The transcript speaks for itself as to the existence of the executive session and in so far as a response is required, the Tribe denies the Plaintiff's characterizations and allegations.

Intervenor-Defendant's Answer  Page **9** of **15**
*State of Alaska v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG
Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 9 of 15

59. The allegations in Paragraph 59 contain characterizations of a memorandum and no response is required. The memorandum speaks for itself and to the extent that a response is required, the Tribe denies Plaintiff's allegations and characterization.

60. The allegations in Paragraph 60 contain legal conclusions and characterizations of the Federal Subsistence Board's actions and require no response. To the extent that a response is required, the Tribe denies the Plaintiff's allegations, legal conclusions, and characteristics.

61. Paragraph 61 quotes the testimony of Federal Subsistence Board member Chad Padgett and no response is required. To the extent that a response is required, Chad Padgett's testimony speaks for itself and the Tribe denies Plaintiff's allegations.

62. The Tribe admits that the Federal Subsistence Board issued a News Release on July 31, 2020 and that News Release speaks for itself. To the extent that Plaintiff makes allegations about the News Release, the Tribe denies those allegations.

63. Paragraph 63 contains Plaintiff's characterization of the July News Release and does not require a response. To the extent that this characterization contains factual allegations, the Tribe denies those allegations.

64. The allegations in Paragraph 64 contains legal conclusions about State hunting regulations and the News Release and do not require a response. But, to the extent that a response is required the Tribe denies the Plaintiff's allegations.

**FIRST CLAIM FOR RELIEF**

Intervenor-Defendant's Answer  Page **10** of **15**
*State of Alaska v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 10 of 15

65. The responses to Paragraphs 1 through 24 are incorporated here by reference.

66. The allegations in Paragraph 66 contain legal conclusions that do not require a response. To the extent that a response is required, the Tribe denies the Plaintiff's allegations.

67. The Tribe denies the allegations in Paragraph 67.

68. The Tribe denies the allegations in Paragraph 68.

69. The Tribe denies the allegations in Paragraph 69.

## SECOND CLAIM FOR RELIEF

70. The responses to Paragraphs 1 through 69 are incorporated here by reference.

71. The allegations in Paragraph 71 contain legal conclusions that do not require a response. To the extent that a response is required, the Tribe denies the Plaintiff's allegations.

72. The Tribe denies the allegations in Paragraph 72.

73. The Tribe denies the allegations in Paragraph 73.

## THIRD CLAIM FOR RELIEF

74. The responses to Paragraphs 1 through 73 are incorporated here by reference.

75. The allegations in Paragraph 75 contain legal conclusions that do not require a response. To the extent that a response is required, the Tribe denies the Plaintiff's allegations.

Intervenor-Defendant's Answer — Page **11** of **15**
*State of Alaska v. Federal Subsistence Board* — Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 11 of 15

76. The Tribe denies the allegations in Paragraph 76.

## FOURTH CLAIM FOR RELIEF

77. The responses to Paragraphs 1 through 76 are incorporated here by reference.

78. The allegations in Paragraph 78 are legal conclusions that do not require a response. To the extent that a response is required, the Tribe denies the allegations in this paragraph.

79. The Tribe denies the allegations in Paragraph 79.

80. The Tribe denies the allegations in Paragraph 80.

## FIFTH CLAIM FOR RELIEF

81. The responses to Paragraphs 1 through 80 are incorporated here by reference.

82. The allegations in Paragraph 82 are legal conclusions that do not require a response. To the extent that a response is required, the Tribe denies the allegations in this paragraph.

83. The Tribe denies the allegations in Paragraph 83.

## SIXTH CLAIM FOR RELIEF

84. The responses to Paragraphs 1 through 83 are incorporated here by reference.

85. Paragraph 85 contains legal conclusions that do not require responses. To the extent that a response is required, the Tribe denies the allegations in this paragraph.

86. The Tribe denies the allegations in Paragraph 86.

Intervenor-Defendant's Answer　　　　　　　　　　　　　　　　　　　　　　　Page **12** of **15**
*State of Alaska v. Federal Subsistence Board*　　　　　　　　　　　　　　　Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 12 of 15

87. The Tribe denies the allegations in Paragraph 87.

88. The Tribe denies the allegations in Paragraph 88.

89. The Tribe denies the allegations in Paragraph 89.

90. The Tribe denies the allegations in Paragraph 90.

91. The Tribe denies the allegations in Paragraph 91.

## REQUEST FOR RELIEF

The Tribe respectfully requests that this Court deny Plaintiff's requests for relief in their entirety.

## GENERAL DENIAL

The Tribe denies any allegations of the Complaint, whether express or implied, including any allegations reflected in the Complaint's section headings, that are not specifically admitted, denied, or qualified herein.

## AFFIRMATIVE DEFENSES

1. Plaintiff fails to state a claim upon which relief may be granted.

2. Plaintiff lacks standing to bring some or all of their claims.

3. Some or all of Plaintiff's claims are moot.

4. Plaintiff has failed to demonstrate that some or all of its claims are ripe for judicial review.

5. Plaintiff has failed to properly establish subject matter jurisdiction.

/s/ MNewman_____
Matthew N. Newman (ABA No. 1305023)
Erin C. Dougherty Lynch (ABA No. 0811067)

Intervenor-Defendant's Answer                                                                                      Page **13** of **15**
*State of Alaska v. Federal Subsistence Board*                                                              Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 13 of 15

Heather R. Kendall Miller (ABA No. 9211084)
NATIVE AMERICAN RIGHTS FUND
745 W. 4th Avenue, Suite 502
Anchorage, Alaska 99501
Telephone: (907) 276-0680
Facsimile: (907) 276-2466
mnewman@narf.org
dougherty@narf.org
kendall@narf.org

Lloyd B. Miller (ABA No. 8011101)
Richard D. Monkman (ABA No. 7906040)
SONOSKY, CHAMBERS, SACHSE, MILLER
& MONKMAN, LLP
725 East Fireweed Lane, Suite 420
Anchorage, AK 99503
Telephone: (907) 258-7388
Facsimile: (907) 272-8332
lloyd@sonosky.net
rdm@sonosky.net

*Attorneys for Intervenor-Defendant Organized Village of Kake*

Intervenor-Defendant's Answer  Page **14** of **15**
*State of Alaska v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 14 of 15

Certificate of Service

I hereby certify that on October 19, 2020, a true and correct copy of the foregoing document was served electronically pursuant to the Court's electronic filing procedures upon the following:

Clyde "Ed" Sniffen, Jr.
Acting Attorney General
Cheryl Brooking (ABA No. 9201169)
Senior Assistant Attorney General
ALASKA DEPARTMENT OF LAW
1031 W. 4th Avenue, Suite 200
Anchorage, AK 99501
Telephone: 907-269-5100
Facsimile: 907-276-3697
cheryl.brooking@alaska.gov

*Attorneys for Plaintiff State of Alaska*


Paul A. Turcke (Idaho Bar No. 4759)
Trial Attorney
Natural Resources Section
P.O. Box 7611
Washington, D.C. 20044
Telephone: 202-353-1389
Facsimile: 202-305-0506
paul.turcke@usdoj.gov

*Attorney for Defendants Federal Subsistence Board, et al.*


/s/MNewman
Matthew N. Newman (ABA No. 1305023)

Intervenor-Defendant's Answer                                          Page **15** of **15**
*State of Alaska v. Federal Subsistence Board*                         Case No. 3:20-cv-00195-SLG

Case 3:20-cv-00195-SLG   Document 31   Filed 10/19/20   Page 15 of 15