TREG R. TAYLOR
ATTORNEY GENERAL

Cheryl R. Brooking (Alaska Bar No. 9211069)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: cheryl.brooking@alaska.gov

*Attorney for State of Alaska*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br>Department of Fish and Game<br><br>    Plaintiff,<br><br>v.<br><br>FEDERAL SUBSISTENCE BOARD, *et al.*,<br><br>    Defendants.<br><br>And<br><br>ORGANIZED VILLAGE OF KAKE,<br><br>Intervenor-Defendant | Case No.: 3:20-cv-00195-SLG<br><br><br>**MOTION TO SUPPLEMENT AND COMPLETE THE ADMINISTRATIVE RECORD** |

    The State of Alaska seeks to compel completion of the administrative record prepared by the Federal Subsistence Board ("Board"). The record is incomplete without all relevant documents, meeting notices, and meeting transcripts. In addition, the Board included certain documents that did not exist when decisions were made, while failing to include other pertinent documents that would fairly explain matters to this court. These

omitted materials contain information that was either directly or indirectly considered by Board when making decisions challenged in this litigation, or they include information that is necessary for a full and complete understanding of the actions taken by the Board.

The State sent a letter to the Board's counsel, dated February 18, 2020, detailing specific changes that needed to be made to the administrative record and related index.[1] In a letter dated March 3, 2020, the State received a response denying most changes.[2] The State appreciates the acknowledgement by the Board that the index contains many errors and will be updated, and that a memo provided to the State on June 17, 2020 (ECF 4-3 at 1-4) will be added to the record. However, the parties are unable to resolve remaining problems with the administrative record so the State must ask the court for assistance.

As appropriately noted by the Board in its letter,

> In determining whether an agency action "was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'" under 5 U.S.C. § 706(2)(A), "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Camp v. Pitts*, 411 U.S. 138, 142 (1973); *see also Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985). Judicial review "is to be based on the full administrative record that was before the Secretary at the time he made his decision." *Citizens to Preserve Overton Park v. Volpe*, 401 U.S. 402, 420 (1971). Other courts have held that the administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers." *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989); *accord Bar MK Ranches v. Yuetter*, 994 F.2d 735, 739 (10th Cir. 1993). The record thus consists of the finite body of documents that can reasonably be regarded as "before" or "considered by" the decision-maker.

---

[1] Exhibit 1.
[2] Exhibit 2.

*ADF&G v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG
Motion to Correct Administrative Record  Page 2 of 8
Case 3:20-cv-00195-SLG  Document 40  Filed 03/15/21  Page 2 of 8

We are lacking the "whole" administrative record and "all" documents and materials considered by the Board as required by Section 706 of the Administrative Procedure Act ("APA"). Further, the Board included a document, Exhibit 3, 0119-FSB, that was not in existence at the time of any actions taken by the Board that are at issue in this case. Exhibit 3 is dated June 25, 2020, three days after the Board met, and should not be in the record. It appears to be an attempt to rewrite history to change the letter provided to the State on June 17, 2020 (ECF 4-3 at 1-4). The requirement that a court consider "the whole record" before issuing a decision "ensures that neither party is withholding evidence unfavorable to its position and that agencies are not taking advantage of post hoc rationalizations for administrative decisions."[3]

With regard to the State's challenge to the Board's compliance with Open Meetings Act requirements, the State is asking that the record include meeting notices and transcripts for Board meetings held in 2020. The Board did not include any meeting notices in the administrative record to evidence that all meetings were publicly noticed. The Board also did not include the meeting transcripts that would show whether the Board voted to go into closed sessions, what the purpose of the closed meetings were, what actions were taken, and whether any members of the public were permitted to attend while others were excluded.

This court noted in its Order of September 18, 2020 that a remedy for violating the Sunshine Act could be a release of transcripts, ECF 28 at 32, but the record lacks meeting

---

[3] *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).

*ADF&G v. Federal Subsistence Board*            Case No. 3:20-cv-00195-SLG
Motion to Correct Administrative Record            Page 3 of 8
Case 3:20-cv-00195-SLG    Document 40    Filed 03/15/21    Page 3 of 8

notices and transcripts for April 9, 2020, April 14, 2020, April 20-23, 2020, and action taken by the Board in July 2020 by email vote. The Board suggests that certain "official" transcripts do not exist, but the Board has used informal transcripts when it benefits the Board, such as its willingness to include a transcript on a public hearing held May 22, 2020. The record also lacks any transcripts of unannounced or closed meetings that the general public was not made aware of. All of these items should be in the record, unless the Board admits that it does not regularly comply with the open meeting requirements of federal law.

Additionally, the State has objected to all of the letters of delegation issued to local federal land managers in 2020.[4] The State is aware of many such letters but does not know if there may be more. ECF 4-3 at 5-36. However, the Board refuses to include these letters in the record, instead suggesting it would not object if the State references the documents.[5] No reasonable explanation is provided for this refusal to include documents prepared by the Board that are directly relevant to this litigation. The State acknowledges that the court can look outside the administrative record to consider evidence relevant to the substantive merits of an agency decision for background information or to determine whether the agency considered all the relevant factors.[6] This unnecessarily forces the

---

[4] ECF 1, Complaint at 23, and ¶¶ 9, 29.
[5] Exhibit 2 at 3, "Defendants will not object if Plaintiff references these documents on an extra-record basis in its summary judgment pleadings."
[6] *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989), citing *Asarco, Inc. v. EPA,* 616 F.2d 1153, 1160 (9th Cir.1980) and *Love v. Thomas,* 858 F.2d 1347, 1356 (9th Cir.1988), *cert. denied,* 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 403 (1989).

*ADF&G v. Federal Subsistence Board*     Case No. 3:20-cv-00195-SLG
Motion to Correct Administrative Record     Page 4 of 8
Case 3:20-cv-00195-SLG Document 40 Filed 03/15/21 Page 4 of 8

State to later argue that the documents should be included in the court's review and leaves open the question of whether the letters can be referenced in future briefing.

The State also asked the Board to include in the record the following information to support its determination:

> 8. Any factual evidence regarding how food shipments are delivered to stores in Kake.
> 9. Any factual evidence to support your position that non-tribal members participated as hunters in the special Kake hunt in 2020.
> 10. Any factual evidence regarding who received moose and deer meet, or evidence to support your position that non-tribal members received meat from the game harvested during the special Kake hunt in 2020.
> 11. Any evidence that the Alaska Department of Fish and Game was consulted, or that the Petersburg Ranger District contacted ADF&G, in response to the request to open a special hunt for Kake in 2020. Alternatively, do you concur that the emails at 0461-FSB through 0463-FSB reflect that there was no consultation with ADF&G?[7]

This information is directly relevant to the State's claims and the Board's defense of its actions. In response, the Board refused to include any such material in the record because it determined the request to be a discovery request.[8] Even if a document was not directly or indirectly considered by the agency, there are "certain circumstances [that] may justify expanding review beyond the record or permitting discovery."[9] This includes situations where the court needs to inquire outside of the administrative record "to explain the agency's action."[10]

---

[7]     Exhibit 1 at 2.
[8]     Exhibit 2 at 2.
[9]     *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988).
[10]    *Id.; see also Midwater Trawlers Coop. v. Department of Commerce*, 393 F.3d 994, 1007 (9th Cir. 2004) ("Supplementation is permitted '(1) if necessary to determine

This information is necessary for the court to understand the factual background and to determine whether the Board considered all relevant factors. If there is nothing in the record to support its position, the Board should be prohibited from making unsupported assertions regarding whether the Alaska Department of Fish and Game was contacted before the Board made its decision to open a hunt on Forest Service lands near Kake, how food shipments arrive in Kake, who was allowed to hunt, and who received moose and deer meat from the hunt authorized by the Board. "If the court determines that the agency did not consider all the relevant factors then it should remand the matter to the agency 'and not compensate for the agency's dereliction by undertaking its own inquiry into the merits.'"[11]

The selective record prepared by the Board simply does not provide a complete picture of the facts and materials before the Board when it made decisions. For example, the testimony of Mr. Jackson suggests that the Alaska ferries were delayed and this led to the alleged shortage of cleaning supplies in stores.[12] However, a ferry arrived in Kake on the date of the Board meeting and the ferries were running regularly scheduled service in spring and summer 2020.[13] Perhaps most importantly for this court to recognize is that

---

whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, or (3) when supplementing the record is necessary to explain technical terms or complex subject matter.'" (quoting *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 144, 1450 (9th Cir. 1996)).

[11]     *Thompson,* 885 F.2d at 555, citing *Asarco,* 616 F.2d at 1160.
[12]     ECF 4-3 at 41, testimony of Joel Jackson.
[13]     ECF 1 at 12, n. 7, https://www.dot.alaska.gov/oars/reservations/CalendarFM.amhsf?selectMonth=August+2020&selectPort=Kake&selectVessel=All+Vessels&action=Get+Schedule

*ADF&G v. Federal Subsistence Board*                                    Case No. 3:20-cv-00195-SLG
Motion to Correct Administrative Record                                   Page 6 of 8
Case 3:20-cv-00195-SLG   Document 40   Filed 03/15/21   Page 6 of 8

store supplies arrive via barge, and Kake enjoyed weekly barge service.[14] The Board's refusal to include pertinent and relevant information in the record may lead the court to erroneous assumptions, thereby frustrating effective judicial review of whethe the Board's decisions were arbitrary and capricious under the APA.

The State respectfully requests that the administrative record be promptly and completely provided to the State, with an updated and corrected index.

DATED: March 15, 2021

        TREG R. TAYLOR
        ATTORNEY GENERAL

By:   /s/ Cheryl Rawls Brooking
      Cheryl Rawls Brooking
      Assistant Attorney General
      Alaska Bar No. 9211069
      Department of Law
      1031 West Fourth Avenue, Ste. 200
      Anchorage, AK 99501
      Phone: (907) 269-5232
      Facsimile: (907) 276-3697
      Email: cheryl.brooking@alaska.gov
      *Attorney for State of Alaska*

---

[14] See lynden.com/aml/barge-schedule/html.

*ADF&G v. Federal Subsistence Board*     Case No. 3:20-cv-00195-SLG
Motion to Correct Administrative Record     Page 7 of 8
Case 3:20-cv-00195-SLG   Document 40   Filed 03/15/21   Page 7 of 8

## Certificate of Service

I certify that on **March 15, 2021**, I caused a true and correct copy of the foregoing document to be filed using the Court's Electronic Case Files System ("ECF"). The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/ Hannah B. Pothast
Law Office Assistant I

*ADF&G v. Federal Subsistence Board*     Case No. 3:20-cv-00195-SLG
Motion to Correct Administrative Record     Page 8 of 8
Case 3:20-cv-00195-SLG   Document 40   Filed 03/15/21   Page 8 of 8