JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Division

PAUL A. TURCKE (Idaho Bar No. 4759)
SHANNON BOYLAN (D.C. Bar No. 1724269)
Trial Attorneys
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 (Turcke)
202-598-9584 (Boylan)
202-305-0506 (fax)
paul.turcke@usdoj.gov
shannon.boylan@usdoj.gov

*Attorneys for Federal Defendants*

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF FISH AND GAME,<br><br>Plaintiff,<br>v.<br><br>FEDERAL SUBSISTENCE BOARD, *et al.*,<br><br>Defendants,<br>and<br><br>ORGANIZED VILLAGE OF KAKE,<br><br>Intervenor-Defendant. | Case No. 3:20-cv-00195-SLG |

**FEDERAL DEFENDANTS' MEMORANDUM IN OPPOSITION TO PLAINTIFF'S MOTION TO SUPPLEMENT AND COMPLETE THE ADMINISTRATIVE RECORD**

## INTRODUCTION

Plaintiff State of Alaska, through its Department of Fish and Game, challenges various actions by the Federal Subsistence Board ("FSB") relating to its management of hunting on federal lands in Alaska. This case is thus governed by the Administrative Procedure Act ("APA") and is subject to the black letter rule that actions challenging an agency decision must be reviewed "on the record." Nonetheless, Plaintiff's motion asks that this Court compel Defendants to "complete" the administrative record with materials that were not considered by the FSB when it made any of the challenged decisions, or, in the alternative, that it supplement the administrative record with extra-record evidence without showing why such evidence is necessary for effective judicial review. The Plaintiff's excessive request should not be granted. The Federal Defendants have lodged a complete administrative record that provides a more than adequate basis for the Court to review the agency actions at issue, and Plaintiff has failed to provide any clear evidence to question either the sufficiency of the record or to convince the Court of the need to allow extra-record evidence or discovery under an exception to the record review doctrine.

## BACKGROUND

Plaintiff filed this action on August 10, 2020, and at that time filed two motions for preliminary injunction, which this Court denied. *See Dep't of Fish & Game v. Fed. Subsistence Bd.*, No. 3:20-CV-00195-SLG, 2020 WL 5625897 (D. Alaska Sept. 18, 2020) ("*ADFG I*"); *Dep't of Fish & Game v. Fed. Subsistence Bd.*, No. 3:20-CV-00195-

SLG, 2020 WL 6786899 (D. Alaska Nov. 18, 2020) ("*ADFG II*"). Plaintiff alleges that the FSB violated Title VIII of the Alaska National Interest Lands Conservation Act ("ANILCA"), ANILCA § 1314, and the Administrative Procedure Act ("APA") by adopting a temporary special action to close moose and caribou hunting on federal public lands in Game Management Units 13A and 13B to non-federally qualified users and authorizing a hunt near the Organized Village of Kake (the "Kake hunt"). In addition, Plaintiff alleges that Defendants violated the Open Meetings Act ("OMA") with respect to three particular meetings held in April and July of 2020. Defendants filed the administrative record for each of these discrete challenged agency actions on October 23, 2020. ECF No. 32. Plaintiff filed a Motion to Supplement and Complete the Administrative Record on March 15, 2021. ECF No. 40.

## LEGAL STANDARDS

### I. Completeness of the Record

Judicial review of an agency action is governed by the Administrative Procedure Act ("APA"). 5 U.S.C. § 706. The scope of judicial review under the APA is limited to the administrative record. *See id*. (In reviewing an agency action "the court shall review the whole record or those parts of it cited by a party."). The Supreme Court has emphasized that when reviewing administrative decisions, "the focal point for judicial review should be the administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co. v. Lorion*, 470 U.S. 729, 743-44 (1985) (internal citation omitted); *see also Animal Def. Council v. Hodel*, 840

F.2d 1432, 1436-37 (9th Cir. 1988) (same). The record "consists of all documents and materials directly or indirectly considered by agency decision-makers," regardless of whether those materials support or detract from the reasonableness of the decision at issue. *Thompson v. U.S. Dep't of Labor*, 885 F.2d 551, 555 (9th Cir. 1989).

An agency's designation and certification of the administrative record as complete is entitled to a "presumption of administrative regularity." *Ctr. for Biological Diversity v. Zinke*, No. 3:18-CV-00064-SLG, 2018 WL 8805325, at *2 (D. Alaska Nov. 16, 2018) (quoting *McCrary v. Gutierrez*, 495 F.Supp.2d 1038, 1041 (N.D. Cal. 2007)). The presumption derives from recognition that "[i]t is the agency that did the 'considering,' and . . . therefore is in a position to indicate initially which of the materials were 'before' it—namely, were 'directly or indirectly considered.'" *Pacific Shores Subdivision, Cal. Water Dist. v. U.S. Army Corps of Eng'rs*, 448 F. Supp. 2d 1, 5 (D.D.C. 2006) (citation omitted). Plaintiffs can only rebut this presumption with "clear evidence to the contrary." *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017) ((citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993)).

## II. Extra-Record Evidence

Seeking judicial review on the basis of extra-record evidence is different from challenging the administrative record as incomplete. Completion of the administrative record consists of the addition of documents that were omitted despite having been before or considered by the decisionmaker. By contrast, extra-record review—or "supplementation"— consists of asking the court to review documents beyond whatever

the administrative record may contain. *See Dep't of Commerce v. New York*, 139 S.Ct. 2551 (S. Ct. June 27, 2019) (distinguishing between completing the administrative record and extra-record discovery); *Pacific Shores Subdivision*, 448 F. Supp. 2d at 5.

In certain limited circumstances, the Ninth Circuit has recognized that district courts may review extra-record documents if: 1) necessary to determine whether the agency has considered all the relevant factors and explained its decision; 2) when it appears that the agency has relied on documents or materials not included in the administrative record; 3) when necessary to explain technical terms or complex subject matter involved in the agency action; or, 4) when there is a strong showing of bad faith or improper behavior by the agency. *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting *Sw. Ctr. For Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)). The Ninth Circuit has cautioned that the "scope of these exceptions . . . is constrained, so that the exception does not undermine the general rule." *Id.*; *see also City of Dania Beach v. FAA*, 628 F.3d 581, 590 (D.C. Cir. 2010) (recognizing that litigants are not permitted to supplement the administrative record "unless they can demonstrate unusual circumstances justifying a departure from this general rule"). A party proffering extra-record documents must identify the exceptions it is invoking to supplement the administrative record and explain why the proffered documents are necessary for effective judicial review. *See Animal Defense Council*, 840 F.2d at 1437.

## ARGUMENT

Plaintiff has failed to rebut the presumption of regularity afforded an agency's certification of a complete administrative record. And to the extent Plaintiff seeks for this Court to consider extra-record evidence, Plaintiff has not met the high burden of showing that such review is necessary for effective judicial resolution of its claims.

Additionally, as stated in their March 3, 2021, letter responding to Plaintiff's requests, Defendants have agreed to add the undated Detweiler memo to the administrative record, ECF No. 4-3, Ex. 1, and to file an updated index to make certain adjustments. *See* ECF No. 40-2. Defendants have since contacted Plaintiff to offer to include the informal telephonic transcript of the June 22, 2021, hearing on the Kake hunt, with caveats regarding numerous inaccuracies and omissions in the transcript, which was transcribed with voice-recognition software. Accordingly, those aspects of Plaintiff's motion are now moot.

### I. Plaintiff Has Failed to Rebut the Presumption of Administrative Regularity

As explained above, an agency's certification that it has lodged a complete record is entitled to a presumption of regularity and the Plaintiff must provide clear evidence to rebut the presumption. *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017). Put another way, "a party must do more than simply allege that the record is incomplete . . . [r]ather, a party must provide the [c]ourt with reasonable, non-speculative grounds to believe that materials considered in the decision making process are not included in the record." *Ammex, Inc. v. United States*, 62 F. Supp. 2d 1148, 1156 (CIT 1999). Plaintiff

has failed to make such a showing.

A. Materials included in the record are proper as they were directly or indirectly considered by the FSB.

Plaintiff asserts that the FSB improperly included in the record an internal guidance document that was dated after the agency decision in question took place.[1] *See* FSB-0119. However, as explained in Defendants' letter, these documents outline internal guidance ("emergency special action guidance & framework") that reflects the analytical process conducted by the FSB in taking actions raised by the complaint. As such, they reflect materials directly or indirectly considered in making the decision(s) at issue in the litigation. Plaintiff has failed to offer any clear evidence or non-speculative grounds that the FSB did not directly or indirectly consider the contents of the document when making its decision. As such, Plaintiff has failed to rebut the presumption of administrative regularity that this document belongs in the record.

B. Materials requested to be included in record were not directly or indirectly considered by the FSB.

Plaintiff requests that certain meeting notices and transcripts be added to the record in relation to Plaintiff's claims that FSB violated the Open Meetings Act ("OMA"). Even if the OMA applies to the FSB—and Defendants do not concede that it does—any material included in the record must have been considered by the FSB in relation to a final agency action being challenged under the APA. In other words,

[1] Plaintiff also suggested in its Feb. 18, 2021, letter that documents 0229-FSB through 0279-FSB were improperly included in the record. To the extent that Plaintiff incorporates that claim into their motion, Defendants response is outlined in their March 3, 2021 letter. *See* ECF No. 40-2 at 2.

because the OMA does not contain a waiver of sovereign immunity, Plaintiff is restricted to challenging final agency actions under the APA's judicial review framework. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 882 (1990) ("When, as here, review is sought not pursuant to specific authorization in the substantive statute, but only under the general review provisions of the APA, the 'agency action' in question must be 'final agency action.'"). As such, it is necessary to identify which discrete and final agency actions are challenged in this case. In their Complaint, Plaintiff alleges that the FSB violated the Open Meetings Act on three instances: on April 9, 2020 when the FSB concurred in an administrative process to delegate authority to local land managers to open subsistence hunts under certain circumstances related to the COVID-19 pandemic; on July 16, 2020 when the FSB held an unannounced executive session immediately prior to a public meeting; and, at some point in July 2020 when the FSB allegedly took action by email to vote on the Koyukuk Tribal Village's request to open an emergency hunt. ECF No. 1 at 18, ¶¶ 67-69; *ADFG I* at *13; *ADFG II* at *8.

Given the narrow scope of the OMA claim, there is simply no basis for Plaintiff's contention that the record should include meeting notices and transcripts for all FSB meetings held in 2020. Plaintiff has not explained why it believes each of those documents would have been considered, directly or indirectly, in relation to the three discrete meetings challenged in Plaintiff's First Claim for Relief. And insofar as Plaintiff would prefer that the administrative record serve as a basis for programmatically challenging any instance in which FSB may have conducted a meeting in arguable

violation of the OMA, the APA does not afford Plaintiff a platform for launching programmatic challenges. *See Lujan*, 497 U.S. at 891 (The APA does not sanction attempts at "programmatic improvements" but requires a plaintiff to "direct its attack against some particular 'agency action' that causes it harm"). If Plaintiff believes it has suffered harm from an alleged violation of the OMA, it may challenge the particular agency action that caused it harm, assuming it does so within prescribed statutory requirements or jurisdictional limitations. *See ADFG II* at *8 (finding that "the State has not established that its Open Meetings Act challenge to the FSB's delegation of authority on April 9, 2020 is timely"). But Plaintiff has not done so here, and that is fatal to its argument. Because Plaintiff has alleged violations of the OMA only with respect to three discrete meetings, there is no basis for "completing" the record with unrelated meeting notices and transcripts.[2]

As for Plaintiff's request that the record include "all of the letters of delegation issued to local federal land managers in 2020," this request is likewise overly broad and outside the scope of the agency actions challenged in this case. Defendants explained in their March 3, 2021 letter that the requested delegation letters are public documents and that Defendants will not object if Plaintiff references these documents on an extra-record basis in its summary judgment pleadings. But the additional delegations letters are not part of the record because they were not considered, directly or indirectly, in the course of

[2] Plaintiff requests that transcripts from "meetings" on April 9 and April 14, 2020 be included in the record. There were no FSB meetings held on April 9, 2020 or April 14, 2020 and thus there are no transcripts to include in the record.

the decision process for the only agency actions challenged in the Complaint under ANILCA and the APA, *viz.*, the Kake hunt and the administrative closure of Units 13A and 13B.

In short, Plaintiff has offered no reasonable explanation, much less clear evidence, to rebut the presumption of regularity regarding the completeness of the administrative record.

## II. Plaintiff Has Failed to Meet the High Burden of Demonstrating a Basis for Consideration of Extra-Record Evidence

It is important to reiterate that Section 706 of the APA limits the scope of a court's review to the administrative record. *See* 5 U.S.C. § 706; *see also Camp v. Pitts*, 411 U.S. 138, 142 (1973). Accordingly, the reviewing court may not take evidence or make findings of fact under the APA. *Cronin v. USDA*, 919 F.2d 439, 443 (7th Cir. 1990); *see also Overton Park v. Volpe*, 401 U.S. 402, 415 (1971) ("*De novo* review . . . is authorized by § 706(2)(F) in only two circumstances. . . . [W]hen the action is adjudicatory in nature and the agency factfinding procedures are inadequate . . . [or] when issues that were not before the agency are raised [for the first time] in a proceeding to enforce nonadjudicatory agency action."); *Joseph G. Moretti, Inc. v. Hoffman*, 526 F.2d 1311, 1312 (5th Cir. 1976) (recognizing that it is "improper to conduct de novo proceedings in the form of a trial by the district court to consider extra record information"). Rather, "[t]he task of the reviewing court is to apply the appropriate APA standard of review, 5 U.S.C. § 706(2), to the agency decision based on the record the agency presents to the reviewing court." *Florida Power & Light Co. v. Lorion*, 470 U.S. 729, 743 44 (1985).

A party seeking to admit extra-record documents must identify the exceptions it is invoking to supplement the administrative record and explain why the proffered documents are necessary for effective judicial review. *See Animal Defense Council v. Hodel*, 840 F.2d 1432, 1437 (9th Cir. 1988). In this case, Plaintiff contends that certain materials are "necessary for a full and complete understanding of the actions taken by the FSB." ECF No. 40 at 2. Presumably, Plaintiff is seeking to invoke the first exception under the Ninth Circuit standard outlined in *Lands Council v. Powell*. *See* 395 F.3d at 1030 (permitting admission of extra-record evidence if "*necessary* to determine 'whether the agency has considered all relevant factors and has explained its decision'") (emphasis added) (quoting *Southwest Ctr.*, 100 F.3d at 1450). However, as the Ninth Circuit reiterated, such extra-evidence must be *necessary* for effective judicial review; it may not merely be helpful. *See, e.g., Animal Defense Counsel*, 840 F.2d at 1436 ("The district court may inquire outside the administrative record when *necessary* to explain the agency's action") (citation omitted and emphasis added); *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980) (allowing consideration of extra-record evidence "for the limited purposes of ascertaining whether the agency considered all the relevant factors or fully explicated its course of conduct," but prohibiting consideration of that same evidence to "determine the correctness or wisdom of the agency's decision").

Plaintiff has again proffered no evidence to suggest that the administrative record as lodged, along with the materials Defendants have offered to add to the record, is not sufficient for effective judicial review. For example, Plaintiff contends that certain

evidence regarding ferry and barge schedules should be included in the administrative record in relation to the Kake hunt decision, yet has provided no evidence that such information was before or considered by the agency at the time it made the decision to approve the hunt, nor that such information is necessary for effective judicial review. As this Court has already found in this case, "the record contained ample evidence that supported and was rationally connected to the FSB's decision to approve the emergency special action in Kake for reasons of public safety related to food security concerns; the FSB considered relevant factors—conservation and public safety concerns—and articulated a satisfactory explanation for its decision." *ADFG II* at *15. Thus, Plaintiff has failed to show that this extra-record evidence is necessary for effective judicial review or "demonstrate unusual circumstances justifying a departure from [the] general rule" that discovery or supplementation of the administrative record is not permitted. *City of Dania Beach*, 628 F.3d at 590.

Finally, insofar as Plaintiff demands that Defendants provide "[any] factual evidence" regarding (1) whether the Alaska Department of Fish and Game was contacted before the FSB made its decision to open a hunt on Forest Service lands near Kake, (2) how food shipments arrive in Kake, (3) who was allowed to hunt, and (4) who received moose and deer meat from the hunt authorized by the FSB, the administrative record already contains any such documents or materials considered by FSB in the course of its decision process for the challenged actions. And to the extent such documents or materials do not exist in the record, it is because they were not considered, and thus are

not material under the APA's standard of review. Insofar as Plaintiff contends something akin to discovery is necessary to probe whether any such materials were improperly omitted from the record, the law is clear that discovery is "not authorized" in an APA case absent a demonstration of unusual circumstances. *Pebble Ltd. P'ship v. Env't Prot. Agency*, 310 F.R.D. 575, 578 (D. Alaska 2015). Whether the requested factual evidence is, as Plaintiff contends, "directly relevant to the State's claims" is immaterial because it was not directly or indirectly considered by the FSB in relation to any challenged agency actions and is not necessary for effective judicial review. ECF No. 40 at 5. And Plaintiff has provided no clear evidence to the contrary. Moreover, some of the factual evidence requested, such as who participated in or received the meat from the Kake hunt, necessarily came into existence after the challenged agency action—approving the Kake hunt—took place, and thus such evidence was obviously not before or considered by the agency at the time it made its decision.

In short, Plaintiff has failed to demonstrate why this Court should depart from the ordinary practice of confining judicial review to the "administrative record already in existence, not some new record made initially in the reviewing court." *Fla. Power & Light Co.*, 470 U.S. at 743-44 (1985) (citation omitted).

**CONCLUSION**

For the foregoing reasons, the Court should deny Plaintiff's motion to complete or supplement the administrative record.

DATED: March 29, 2021.

JEAN E. WILLIAMS
Acting Assistant Attorney General
United States Department of Justice
Environment and Natural Resources Div.

*/s/ Shannon Boylan*
PAUL A. TURCKE
SHANNON BOYLAN
Trial Attorneys
Natural Resources Section
P.O. Box 7611 Washington, D.C. 20044
202-353-1389 (Turcke)
202-598-9584 (Boylan)
202-305-0506 (fax)
paul.turcke@usdoj.gov
shannon.boylan@usdoj.gov

*Counsel for Federal Defendants*

**CERTIFICATE OF COMPLIANCE**

Pursuant to Local Civil Rule 7.4(a)(3), I hereby certify that this memorandum complies with the type-volume limitation of Local Civil Rule 7.4(a)(2) because this memorandum contains 3,254 words, excluding the parts exempted by Local Civil Rule 7.4(a)(4). This memorandum has been prepared in a proportionately spaced typeface, Times New Roman 13-point font, and I obtained the word count using Microsoft Word 2016 (16.0.5044.1000) MSO (16.0.5032.1000) 32-bit.

/s/ *Shannon Boylan*
SHANNON BOYLAN

**CERTIFICATE OF SERVICE**

I hereby certify that on March 29, 2021, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

/s/ *Shannon Boylan*
SHANNON BOYLAN