TREG R. TAYLOR
ATTORNEY GENERAL

Cheryl R. Brooking (Alaska Bar No. 9211069)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: cheryl.brooking@alaska.gov

*Attorney for State of Alaska*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA,<br>Department of Fish and Game<br><br>        Plaintiff,<br><br>v.<br><br>FEDERAL SUBSISTENCE BOARD,<br>*et al.*,<br><br>        Defendants.<br><br>And<br><br>ORGANIZED VILLAGE OF KAKE,<br><br>        Intervenor-Defendant | Case No.: 3:20-cv-00195-SLG<br><br>**REPLY TO OPPOSITION TO MOTION TO SUPPLEMENT AND COMPLETE THE ADMINISTRATIVE RECORD** |

The State of Alaska seeks to compel completion of the administrative record prepared by the Federal Subsistence Board ("Board"). As previously noted in the State's Motion, the record is incomplete without all relevant documents, meeting notices, and meeting transcripts. In addition, the Board improperly included certain documents that did not exist when the challenged decisions were made. These omitted materials contain

information that was either directly or indirectly considered by the Board when making decisions challenged in this litigation, or they include information that is necessary for a full and complete understanding of the actions taken by the Board.

The State sent a letter to the Board's counsel, dated February 18, 2021, detailing specific changes that needed to be made to the administrative record and related index ECF 40-1. In a letter dated March 3, 2021, the State received a response denying most changes ECF 40-2. The State appreciates the acknowledgement by the Board that the index contains many errors and will be updated, that a memo provided to the State on June 17, 2020 (ECF 4-3, Ex. 1) will be added to the record, and that unofficial transcripts of the Board's June 22, 2020 meeting will be added to the record.[1]

We are still lacking the "whole" administrative record as required by Section 706 of the Administrative Procedures Act (APA). The State is challenging the Board's compliance with the open meeting laws, yet the Board will not include *any* meeting notices in the administrative record for meetings held in 2020. Specifically, it refuses to include transcripts for its April 9, April 14, April 20-23, and July 2020 meetings where Board actions were taken. At issue are secret meetings and meetings open to only invited attendees. All meeting notices and transcripts of unannounced meetings properly belong in the record. Otherwise, the absence of meeting notices and transcripts will be treated as

---

[1] Portion of March 18, 2021 email from Paul Turcke: "After reviewing your motion and conferring with our clients, we are willing to agree to including the June 22 unofficial transcript in the AR, in addition to the items noted in our earlier letter." *See also,* ECF 40-2 and ECF 46 at 6.

*ADF&G v. Federal Subsistence Board*                              Case No. 3:20-cv-00195-SLG
Reply to Opp. To Motion to Correct Administrative Record            Page 2 of 7
Case 3:20-cv-00195-SLG Document 42 Filed 04/05/21 Page 2 of 7

an admission by the Board that its meetings were closed to the public in violation of the Open Meetings Act.

Motion practice over the content of the administrative record is not intended to delve into the merits of the case, so there is no need for the court to decide at this stage of the litigation whether the Board complied with the Open Meetings Act. However, when the parties do get to the briefing stage of litigation, we must have a complete record for the court to make a decision on the merits.

Further, the Board provides no reasonable explanation for including a document in the record that was not in existence at the time of any challenged Board actions. As stated in our Motion, ECF 40-3 (0119-0129 FSB) is dated June 25, 2020; it was created three days after the Board met on June 22, could not have been considered, and should not be in the record. The Board argues that the contents of the document was considered directly or indirectly,[2] which is impossible because it did not exist. This is an attempt by the Board to rewrite history. The requirement that a court consider "the whole record" before issuing a decision "ensures that neither party is withholding evidence unfavorable to its position and that agencies are not taking advantage of post hoc rationalizations for administrative decisions."[3]

Similarly, the Board included 0444-0446 FSB, which is an email exchange *after* a permit was issued to discuss harvest under the Kake Special Hunt. However, it refuses to include any documents regarding who participated in the hunt and who received the meat

---

[2] ECF 41 at 7.
[3] *Walter O. Boswell Mem'l Hosp. v. Heckler*, 749 F.2d 788, 792 (D.C. Cir. 1984).

ADF&G v. Federal Subsistence Board　　　　　　　　　　　　　　　Case No. 3:20-cv-00195-SLG
Reply to Opp. To Motion to Correct Administrative Record　　　　　　　　　　　Page 3 of 7
Case 3:20-cv-00195-SLG　　Document 42　　Filed 04/05/21　　Page 3 of 7

on the basis that hunting and distribution of meat occurred *after* the permit was issued. This is extremely relevant to the State's claims that the Board violated ANILCA and improperly delegated authority outside of the federal government.

The State objects to all letters of delegation issued to local federal land managers in 2020.[4] The Board continues to unreasonably refuse to include these letters in the administrative record, instead suggesting it would not object if the State references the documents.[5] These letters are directly relevant to this litigation.

To the extent that the Board has no documents addressing how food shipments arrive in Kake, or to support its assertion that non-tribal members participated in the Kake hunt, or that non-tribal members received moose and deer from the Kake hunt, or that the Forest Service tried to contact someone at the Alaska Department of Fish and Game, the State acknowledges that the court can look outside the administrative record to consider evidence relevant to the substantive merits of an agency decision for background information or to determine whether the agency considered all the relevant factors.[6] The lack of critical information in the record supports the State's claims that the Board acted in an arbitrary and capricious manner.

Even if a document was not directly or indirectly considered by the agency, there are "certain circumstances [that] may justify expanding review beyond the record or

---

[4] ECF 1.
[5] ECF 41 at 9.
[6] *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989), citing *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir.1980) and *Love v. Thomas,* 858 F.2d 1347, 1356 (9th Cir.1988), *cert. denied,* 490 U.S. 1035, 109 S.Ct. 1932, 104 L.Ed.2d 403 (1989).

*ADF&G v. Federal Subsistence Board*                           Case No. 3:20-cv-00195-SLG
Reply to Opp. To Motion to Correct Administrative Record             Page 4 of 7
Case 3:20-cv-00195-SLG    Document 42    Filed 04/05/21    Page 4 of 7

permitting discovery."[7] This includes situations where the court needs to inquire outside of the administrative record "to explain the agency's action."[8]

This information is necessary for the court to understand the factual background and to determine whether the Board considered all relevant factors. The Board suggests that the State has to overcome a "presumption of regularity"[9] and the State has done so. If there is nothing in the record to support its position, the Board should be prohibited from making unsupported assertions regarding whether the Alaska Department of Fish and Game was contacted before the Board made its decision to open a hunt on Forest Service lands near Kake, how food shipments arrive in Kake, who was allowed to hunt, and who received moose and deer meat from the hunt authorized by the Board. "If the court determines that the agency did not consider all the relevant factors then it should remand the matter to the agency 'and not compensate for the agency's dereliction by undertaking its own inquiry into the merits.'"[10]

.

---

[7] *Animal Defense Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988).
[8] *Id.; see also Midwater Trawlers Coop. v. Department of Commerce*, 393 F.3d 994, 1007 (9th Cir. 2004) ("Supplementation is permitted '(1) if necessary to determine whether the agency has considered all relevant factors and has explained its decision, (2) when the agency has relied on documents not in the record, or (3) when supplementing the record is necessary to explain technical terms or complex subject matter.'" (Quoting *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 144, 1450 (9th Cir. 1996)).
[9] ECF 41 at 6.
[10] *Thompson,* 885 F.2d at 555, citing *Asarco,* 616 F.2d at 1160.

*ADF&G v. Federal Subsistence Board*     Case No. 3:20-cv-00195-SLG
Reply to Opp. To Motion to Correct Administrative Record     Page 5 of 7
Case 3:20-cv-00195-SLG   Document 42   Filed 04/05/21   Page 5 of 7

The State respectfully requests that the administrative record be promptly supplemented and completely provided, and that 0119-0129 FSB be removed from the administrative record.

DATED: April 5, 2020.

>TREG R. TAYLOR
>ATTORNEY GENERAL
>
>By: /s/ Cheryl Rawls Brooking
>    Cheryl Rawls Brooking
>    Assistant Attorney General
>    Alaska Bar No. 9211069
>    Department of Law
>    1031 West Fourth Avenue, Ste. 200
>    Anchorage, AK 99501
>    Phone: (907) 269-5232
>    Facsimile: (907) 276-3697
>    Email: cheryl.brooking@alaska.gov
>    *Attorney for State of Alaska*

*ADF&G v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG
Reply to Opp. To Motion to Correct Administrative Record  Page 6 of 7
Case 3:20-cv-00195-SLG   Document 42   Filed 04/05/21   Page 6 of 7

## Certificate of Service

I certify that on **April 5, 2021**, I caused a true and correct copy of the foregoing document to be filed using the Court's Electronic Case Files System ("ECF"). The document is available for review and downloading via the ECF system, and will be served by operation of the ECF system upon all counsel of record.

/s/ Hannah B. Pothast
Law Office Assistant I

*ADF&G v. Federal Subsistence Board*     Case No. 3:20-cv-00195-SLG
Reply to Opp. To Motion to Correct Administrative Record     Page 7 of 7
Case 3:20-cv-00195-SLG    Document 42    Filed 04/05/21    Page 7 of 7