# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STATE OF ALASKA, DEPARTMENT OF FISH AND GAME,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>FEDERAL SUBSISTENCE BOARD, *et al.*,<br><br>　　　　Defendants,<br><br>　　and<br><br>ORGANIZED VILLAGE OF KAKE,<br><br>　　　　Intervenor-Defendant. | Case No. 3:20-cv-00195-SLG |

## ORDER RE MOTION TO SUPPLEMENT AND COMPLETE THE ADMINISTRATIVE RECORD

Before the Court at Docket 40 is the State of Alaska's *Motion to Supplement and Complete the Administrative Record.* Federal Defendants responded at Docket 41, to which the State of Alaska replied at Docket 42.[1] Oral argument was not requested and was not necessary to the Court's decision.

---

[1] Federal Defendants are the Federal Subsistence Board; David Schmid (Regional Supervisor, U.S. Forest Service); Tom Vilsack (U.S. Secretary of Agriculture); Gene Peltola (Alaska Regional Director, Bureau of Indian Affairs); Gregory Siekaniec (Alaska Regional Director, U.S. Fish and Wildlife Service); Chad Padgett (State Director for Alaska, U.S. Bureau of Land Management); Don Striker (Alaska Regional Supervisor, National Park Service); Deb Haaland (U.S. Secretary of the Interior); Anthony Christianson (Chair of the Federal Subsistence Board); Charlie Brower (Member of the Federal Subsistence Board); and Rhonda Pitka (Member of the Federal Subsistence Board).

**BACKGROUND**

On August 10, 2020, the State of Alaska (the "State") filed a complaint challenging several actions by the Federal Subsistence Board (the "FSB") relating to the management of hunting on federal lands in Alaska.[2] The State alleges various violations of the Administrative Procedure Act[3] ("APA"), the Open Meetings Act,[4] and the Alaska National Interest Lands Conservation Act[5] ("ANILCA").[6]

On October 23, 2020, Federal Defendants filed a Notice of Filing the Administrative Record.[7] On March 15, 2021, the State filed the instant motion seeking to compel the completion and supplementation of the record with three categories of documents: (1) FSB meeting transcripts and meeting notices; (2) FSB letters of delegation to local land managers, and (3) factual evidence related to food deliveries to Kake, the special Kake hunt in 2020, and consultation by the FSB with the State in regard to the Kake hunt.[8] The State also seeks to exclude a

---

[2] Docket 1 (Compl.).

[3] 5 U.S.C. § 701 *et seq.*

[4] 5 U.S.C. § 552b.

[5] 16 U.S.C. § 3101 *et seq.*

[6] Docket 1 at 18, ¶¶ 67–69 (Claim I); Docket 1 at 18–19, ¶¶ 71–73 (Claim II); Docket 1 at 19, ¶ 75–76 (Claim III); Docket 1 at 19–20, ¶¶ 77–80 (Claim IV); Docket 1 at 20, ¶¶ 82–83 (Claim V); and Docket 1 at 21–22, ¶¶ 85–88 (Claim VI).

[7] Docket 32.

[8] Docket 40-1 (State letter to Federal Defendants); Docket 40-4 (Proposed Order).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 2 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 2 of 14

document containing internal guidance for refuge management dated after the agency action at issue in this litigation.[9]

## LEGAL STANDARD

"Judicial review of an agency decision is limited to 'the administrative record already in existence, not some new record made initially in the reviewing court.'"[10] The administrative record "consists of all documents and materials directly or indirectly considered by agency decision-makers."[11] "The administrative record submitted by the government is entitled to a presumption of completeness which may be rebutted by clear evidence to the contrary."[12] Other district courts in this circuit have explained that "[t]o meet this standard, the plaintiff must identify the allegedly omitted materials with sufficient specificity and 'identify reasonable, non-speculative grounds for the belief that the documents were considered by the agency and not included in the record.'"[13]

---

[9] Docket 40 at 3 (Mot. to Supp.).

[10] *Ctr. for Biological Diversity v. Wolf*, 447 F. Supp. 3d 965, 973 (D. Ariz. 2020) (quoting *Camp v. Pitts*, 411 U.S. 138, 142 (1973)).

[11] *Thompson v. U.S. Dept. of Labor*, 885 F.2d 551, 555 (9th Cir. 1989) (emphasis omitted).

[12] *In re United States*, 875 F.3d 1200, 1206 (9th Cir. 2017), *vacated on other grounds*, 138 S. Ct. 443 (2017) (citing *Bar MK Ranches v. Yuetter*, 994 F.2d 735, 740 (10th Cir. 1993) and *Thompson*, 885 F.2d at 555).

[13] *Shark Sports & Enter. LLC v. Fed. Transit Admin.*, Case No. 18-cv-04060-LHK (SVK), 2020 WL 511998, at *2 (N.D. Cal. Jan. 31, 2020) (quoting *Gill v. DOJ*, Case No. 14-cv-03120-RS (KAW), 2015 WL 9258075, at *5 (N.D. Cal. Dec. 18, 2015)).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 3 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 3 of 14

Additionally, district courts may consider extra-record evidence in the following circumstances:

> (1) if admission is necessary to determine "whether the agency has considered all relevant factors and has explained its decision," (2) if "the agency has relied on documents not in the record," (3) "when supplementing the record is necessary to explain technical terms or complex subject matter," or (4) "when plaintiffs make a showing of agency bad faith."[14]

However, "[t]hese exceptions are to be narrowly construed, and the party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies."[15]

## DISCUSSION

The State seeks to compel supplementation of the administrative record prepared by Federal Defendants with the following documents:

- FSB meeting transcripts from April 9, 2020, April 14, 2020, and April 20–23, 2020;
- Transcripts of all 2020 FSB meetings that were not open to the public;
- Public meeting notices for all 2020 FSB meetings; and
- Letters of delegation to all local land managers issued in 2020.

---

[14] *Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005) (quoting *Southwest Ctr. for Biological Diversity v. U.S. Forest Serv.*, 100 F.3d 1443, 1450 (9th Cir. 1996)).

[15] *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992–93 (9th Cir. 2014) (citing *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010)).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 4 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 4 of 14

- "Any factual evidence regarding who received moose and deer meet [sic]"; "that non-tribal members participated as hunters in the special Kake hunt in 2020"; "that the Alaska Department of Fish and Game was consulted . . . in response to the request to open a special hunt for Kake in 2020"; or "evidence regarding how food shipments are delivered to stores in Kake."[16]

The State also seeks to exclude from the record "Exhibit 3, 0119-FSB, that was not in existence at the time of any actions taken by the Board that are at issue in this case."[17] The Court considers each proposal in turn.[18]

## A. FSB Meeting Transcripts and Public Notices

The State requests that public notices for all 2020 FSB meetings and transcripts for all 2020 meetings that were not open to the public be added to the record. The Court agrees with Federal Defendants that this request is overbroad.[19] The allegations in the State's Complaint are limited to meetings surrounding the delegation of authority to local federal land managers and the approval of hunts

---

[16] Docket 40 at 3–5 (Mot. to Supp.); Docket 40-4 (Proposed Order).

[17] Docket 40 at 3 (Mot. to Supp.).

[18] The State also requested that the record be supplemented with an undated declaration by Susan Detweiler, as well as transcripts from a June 22, 2020 meeting, and that various corrections to the index be made. Federal Defendants have agreed to these requests. Docket 41 at 6 (Opp.). As such, these requests are moot.

[19] Docket 41 at 8 (Opp.).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 5 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 5 of 14

near the Organized Village of Kake and the Koyukuk Tribal Village.[20] The State does explain how this sweeping request relates to the allegations at issue in this case beyond the conclusory assertion that "[a]ll meeting notices and transcripts of unannounced meetings properly belong in the record."[21] As such, the State has not provided clear evidence that the record for this case is incomplete without all 2020 FSB meeting transcripts and public notices.[22] Moreover, the State has not provided any argument that the transcripts and public notices fall within any applicable exception for extra-record evidence that would render supplementation of the administrative record appropriate.[23]

However, to the extent there are transcripts of FSB meetings on April 9, 2020, April 14, 2020, and April 20–23, 2020, as well as any transcript of the alleged July 2020 vote by e-mail, such documents would appear to be directly related to the allegations in the State's Complaint. The State alleges that the FSB violated the Open Meetings Act by holding "secret meetings and meetings open only to invited attendees."[24] April 2020 is when the FSB allegedly voted on procedures

---

[20] Docket 1 at 18, ¶¶ 67–69 (Claim I); Docket 1 at 18–19, ¶¶ 71–73 (Claim II); Docket 1 at 19, ¶ 75–76 (Claim III); Docket 1 at 19–20, ¶¶ 77–80 (Claim IV); Docket 1 at 20, ¶¶ 82–83 (Claim V); and Docket 1 at 21–22, ¶¶ 85–88 (Claim VI).

[21] Docket 42 at 2 (Reply).

[22] *See In re United States*, 875 F.3d at 1206.

[23] *See Lands Council*, 395 F.3d at 1030.

[24] Docket 42 at 2 (Reply).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 6 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 6 of 14

for delegating authority to local land managers, which the State is challenging in this action. And July 2020 is when the FSB allegedly voted by e-mail to approve the Koyukuk Tribal Village's request for a special hunt.[25] Federal Defendants contend that "there were no FSB meetings held on April 9, 2020 or April 14, 2020 and thus there are no transcripts to include in the record."[26] However, Federal Defendants have previously stated that the FSB "voted to authorize a process for sending letters of delegation to certain agency field managers" on April 9, 2020, and also submitted a declaration indicating that a vote took place on April 14, 2020.[27] Federal Defendants have also previously asserted that the Koyukuk hunt was never approved.[28] It is not clear to the Court whether or when any meetings occurred in April 2020 or July 2020. But to the extent such meetings did occur and transcripts exist, the Court finds it warranted to add those transcripts to the administrative record. Likewise, the State's request with respect to public notices regarding each of these specific alleged meetings, including the alleged July 2020 vote by e-mail, is plainly relevant to the State's Open Meetings Act claim. To the extent these public notices exist, the Court finds that they should be included in the record as well.

---

[25] Docket 1 at 18, ¶ 69.

[26] Docket 41 at 9 n.2 (Opp.).

[27] Docket 15 at 4 (Opp. to Prelim. Inj.); Docket 15-2 at 1–2, ¶ 3 (Decl. of Lisa Maas).

[28] Docket 15 at 11 (Opp. to Prelim. Inj.).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 7 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 7 of 14

## B. Letters of Delegation

Federal Defendants maintain that the State's request to include all the letters of delegation in the record is "overly broad and outside the scope of the agency actions challenged in this case."[29] Federal Defendants assert that "the additional delegations letters . . . were not considered, directly or indirectly, in the course of the decision process for the only agency actions challenged in the Complaint . . . the Kake hunt and the administrative closure of Units 13A and 13B."[30] The State replies that it "objects to all letters of delegation issued to local federal land managers in 2020," and thus it maintains that the letters are "directly relevant to this litigation."[31]

The Court agrees with Federal Defendants that the additional letters of delegation should not be included in the administrative record for this case. While the State asserts that it "has objected to all of the letters of delegation issued to local federal land managers in 2020," the claims in its Complaint only challenge the "delegation of administrative authority to the Organized Village of Kake" and the alleged April 2020 vote on the process of delegation.[32] The letters of delegation to local land managers other than the Organized Village of Kake do not

---

[29] Docket 41 at 9 (Opp.).

[30] Docket 41 at 9–10 (Opp).

[31] Docket 40 at 4 (Mot. to Supp.) (citing Docket 1 at 23 and ¶¶ 9, 29 (Compl.)).

[32] Docket 40 at 4 (Mot. to Supp.); Docket 1 at 18, 21, ¶¶ 67, 88 (Compl.).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 8 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 8 of 14

relate to the delegation of authority to Kake or to the special 2020 Kake hunt that was later authorized. The State's conclusory assertion that these documents "are directly related to this litigation" does not provide a reasonable and nonspeculative ground for believing that the FSB considered those documents in the context of the Kake hunt.[33] Moreover, those letters of delegation did not exist at the time of the alleged April 2020 vote, and thus could not have been directly or indirectly considered by the FSB at that time.[34] As such, the additional letters of delegation are not part of the record. The State does not contend that the letters meet a relevant exception for extra-record material. The Court therefore denies the State's request that all letters of delegation be included in the record.

**C. Factual Evidence**

The State also seeks to compel Federal Defendants to include in the record a variety of "factual evidence" relating to the Kake hunt in 2020.[35] The State contends that even if this information was not "directly or indirectly considered by the agency," it should be included because it is "necessary for the court to understand the factual background and to determine whether the Board considered all relevant factors."[36] The State maintains that "most importantly for

---

[33] Docket 40 at 4 (Mot. to Supp.); *see also* Docket 42 at 4 (Reply).

[34] Docket 4-3 (Ex. 2) (letters of delegation to various land managers dated June 2, 2020).

[35] Docket 40 at 5 (Mot. to Supp.).

[36] Docket 40 at 5–6 (Mot. to Supp.) (citing *Animal Def. Council v. Hodel*, 840 F.2d 1432, 1436 (9th Cir. 1988)).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 9 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 9 of 14

this court to recognize is that store supplies arrive via barge, and Kake enjoyed weekly barge service."[37]

In response, Federal Defendants maintain that the State "has provided no evidence that such information was before or considered by the agency at the time it made the decision to approve the hunt, nor that such information is necessary for effective judicial review."[38] Federal Defendants also assert that "[i]nsofar as Plaintiff contends something akin to discovery is necessary to probe whether any such materials were improperly omitted from the record, the law is clear that discovery is 'not authorized' in an APA case absent a demonstration of unusual circumstances" and that relevance to the State's claims "is immaterial."[39]

The State has not provided a nonspeculative argument or evidence that the information it seeks to add was before the agency at the time of its decision.[40] This is particularly true for evidence regarding the facts of the Kake hunt, much of which was not available to the FSB at the time of its decision. As such, the State has not rebutted the presumption that the record is complete.[41]

---

[37] Docket 40 at 6–7 (Mot. to Supp.) (citing lynden.com/aml/barge-schedule/html).

[38] Docket 41 at 12 (Opp.).

[39] Docket 41 at 13 (Opp.) (citing *Pebble Ltd. P'ship v. EPA*, 310 F.R.D. 575, 578 (D. Alaska 2015)).

[40] To the extent that the State asserts that "[t]he lack of critical information in the record supports the State's claims that the Board acted in an arbitrary and capricious manner," the merits of the State's challenge is not before the Court at this time. Docket 42 at 4 (Reply).

[41] *See In re United States*, 875 F.3d at 1206.

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 10 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 10 of 14

Moreover, the State has not carried its burden of establishing that an exception for extra-record evidence applies to this requested information.[42] The State seeks to apply the exception for extra-record evidence that is "necessary to determine whether the agency has considered all relevant factors and has explained its decision."[43] The Ninth Circuit addressed this exception in *San Luis & Delta-Mendota Water Authority v. Locke*, describing it as "the most difficult to apply."[44] There, the Ninth Circuit held that the district court had erred in relying "on extra-record declarations comprising thousands of pages of scientific opinion" in finding that the National Marine Fisheries Service had acted arbitrarily and capriciously in preparing a biological opinion.[45] The Ninth Circuit explained that although the "relevant factors" exception may be appropriate to help a district court "develop a background against which it can evaluate the integrity of the agency's analysis, the exception does not permit district courts to use extra-record evidence to judge the wisdom of the agency's action."[46]

Here, the State seeks to supplement the record with evidence to do more than simply provide the Court with "a background against which it can evaluate the

---

[42] *See Lands Council v. Powell*, 395 F.3d 1019, 1030 (9th Cir. 2005).

[43] *San Luis & Delta-Mendota Water Auth. v. Locke*, 776 F.3d 971, 992 (9th Cir. 2014) (quotation marks omitted).

[44] 776 F.3d 971, 993 (9th Cir. 2014).

[45] *Id.*, 776 F.3d at 981, 989–92.

[46] *Id.* at 993 (citing *Asarco, Inc. v. EPA*, 616 F.2d 1153, 1160 (9th Cir. 1980)).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 11 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 11 of 14

integrity of the agency's analysis."[47]  Instead, the State apparently seeks to rely on this extra-record evidence to speak directly to "the wisdom of the agency's action" by using this evidence to rebut the evidence that the FSB relied on in making its decision, such as the testimony of Joel Jackson.[48]  Mindful that this exception is to be construed narrowly, the Court finds that it is inappropriate to supplement the record with this requested factual evidence.[49]

**D. Internal Agency Guidance Document**

The State asserts that because the internal Refuge Manager Pandemic Emergency Special Action & Guidance Framework document was dated three days after the agency actions challenged in this case occurred, it should not be considered as part of the record.[50]  Federal Defendants maintain that this document "outline[s] internal guidance . . . that reflects the analytical process conducted by the FSB in taking actions raised by the complaint," and thus "reflect[s] materials directly or indirectly considered in making the decision(s) at issue in the litigation."[51]

---

[47] *Id.*

[48] *Id.*; Docket 40 at 6 (Mot. to Supp.) (citing Docket 4-3 at 41).

[49] *San Luis & Delta-Mendota Water Auth.*, 776 F.3d at 992–93 ("These exceptions are to be narrowly construed, and the party seeking to admit extra-record evidence initially bears the burden of demonstrating that a relevant exception applies." (citing *Fence Creek Cattle Co. v. U.S. Forest Serv.*, 602 F.3d 1125, 1131 (9th Cir. 2010))).

[50] Docket 40 at 3 (Mot. to Supp.).

[51] Docket 41 at 7 (Opp.).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 12 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 12 of 14

The Court finds that the document is properly included in the administrative record. While the State correctly points out that the document is dated three days after the FSB vote, that fact alone does not overcome the presumption of regularity afforded to the administrative record provided by Federal Defendants.[52] Although the document did not exist at the time of the FSB's decision, it very well may reflect materials indirectly considered by the FSB given the short period of time between the FSB's decision and the preparation of the document. And unlike cases where an agency has created justifications after learning of potential challenges, this document was dated only three days after the vote, before the FSB learned its decision would be challenged, and does not purport to provide a comprehensive justification of the agency decision.[53]

## CONCLUSION

Based on the foregoing, Plaintiff's Motion to Supplement and Complete the Administrative Record at Docket 40 is GRANTED in part and DENIED in part. Federal Defendants shall add the following items to the administrative record:

---

[52] *See In re United States*, 875 F.3d at 1206 (stating that the "administrative record submitted by the government is entitled to a presumption of completeness which may be rebutted by clear evidence to the contrary" and finding presumption rebutted because "the notion that the head of a United States agency would decide to terminate a program giving legal protections to roughly 800,000 people based solely on 256 pages of publicly available documents is not credible").

[53] *See, e.g., Raytheon Co. v. United States*, 121 Fed. Cl. 135, 157–59 (2015), *aff'd on other grounds,* 809 F.3d 590 (Fed. Cir. 2015) (granting motion to strike memorandum justifying agency decision from administrative record where memorandum was issued after agency received notice of impending legal challenge, memorandum departed from previous rationales, and circumstances indicated memorandum was prepared for purpose of litigation).

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 13 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 13 of 14

- Any existing April 9, 2020, April 14, 2020, or April 20–23, 2020 FSB meeting transcripts, and any transcript of the alleged July 2020 FSB vote by e-mail.
- Any existing public meeting notices for any FSB meeting held on April 9, 2020, April 14, 2020, or April 20–23, 2020, and for the alleged July 2020 vote by e-mail.

Plaintiff's requests that the record be supplemented with an undated declaration by Susan Detweiler and transcripts from the June 22, 2020 FSB meeting and that various corrections to the index be made are DENIED as moot. Plaintiff's remaining requests are DENIED.

Federal Defendants shall file the supplement or a notice that there are no documents responsive to this order within **seven days** of the date of this order.

The parties shall submit a proposed briefing schedule within **seven days** thereafter. *See* order at Docket 39.

DATED this 4th day of May, 2021 at Anchorage, Alaska.

*/s/ Sharon L. Gleason*
UNITED STATES DISTRICT JUDGE

Case No. 3:20-cv-00195-SLG, *SOA, Dept. of Fish and Game v. Federal Subsistence Bd., et al.*
Order re Motion to Supplement and Complete the Administrative Record
Page 14 of 14
Case 3:20-cv-00195-SLG   Document 43   Filed 05/04/21   Page 14 of 14