TREG R. TAYLOR
ATTORNEY GENERAL

Cheryl R. Brooking (Alaska Bar No. 9211069)
Senior Assistant Attorney General
Department of Law
1031 West Fourth Avenue, Ste. 200
Anchorage, AK 99501
Telephone: (907) 269-5232
Facsimile: (907) 276-3697
Email: cheryl.brooking@alaska.gov

*Attorney for State of Alaska*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA, Department of Fish and Game<br><br>Plaintiffs,<br><br>v.<br><br>FEDERAL SUBSISTENCE BOARD, *et al.*,<br><br>Defendants.<br><br>And<br><br>ORGANIZED VILLAGE OF KAKE, Intervenor-Defendant | Case No.: 3:20-cv-00195-SLG<br><br>**OPPOSITION TO SEALASKA'S MOTION TO FILE AMICUS** |

The State of Alaska, Department of Fish and Game ("State"), opposes Sealaska's

Motion to file a second amicus brief. The proposed filing is irrelevant and misleading.

The proposed filing also attempts to include documents that are not part of the

administrative record. For these reasons, Sealaska's brief is not permitted under Fed. R. App. P. 29.

Under Fed. R. App. P. 29, amicus briefs are to be "relevant" and "desirable" in that the brief "alerts the [court] to possible implications of the appeal." *Neonatology Associates, P.A. v. C.I.R.*, 293 F.3d 128, 133 (3rd Cir. 2002). An amicus "as a true friend of the court" should "seek to add value to [a court's] evaluation of the issues presented on appeal." *Prairie Rivers Network v. Dynegy Midwest Generation*, LLC, 976 F.3d 761, 763 (7th Cir. 2020). Examples of helpful amicus would be "offering a different analytical approach to the legal issues before the court" or "identifying how other jurisdictions . . . have approached one or another aspect of a legal question." *Id*. Amicus that are irrelevant and misleading do not "assist the judges by presenting ideas, arguments, theories, insights, facts, or data." *Voices for Choices v. Illinois Bell Telephone Co.*, 339 F.3d 542, 545 (7th Cir. 2003).

During the preliminary injunction state of this litigation, this court allowed Sealaska – a native corporation and not a tribal sovereign – to file an amicus brief. ECF 23. At that time the State did not oppose; hoping the irrelevance of their briefing would prove harmless. However, with Sealaska's most recent briefing, they have again tried to transform this case into something it is not by presenting misleading arguments and including irrelevant information.

Sealaska asserts that the State is attempting to harm shareholder interests and Native culture (ECF 52 at 2) but that is absolutely wrong. The State filed this lawsuit

*ADF&G v. Federal Subsistence Board*  Case No. 3:20-cv-00195-SLG
Opp. to Sealaska's Motion to File Amicus  Page 2 of 5
Case 3:20-cv-00195-SLG   Document 53   Filed 08/05/21   Page 2 of 5

solely against the Federal Subsistence Board ("FSB"). This lawsuit is only directed at the FSB for its failure to abide by federal laws and its actions taken beyond authority granted by Congress. ECF 1.

The State manages wildlife throughout Alaska in a manner to benefit all Alaskans, regardless of their ethnic background. Alaska Constitution, Art. 8; AS 16.05. ANILCA requires the FSB to manage the subsistence preference on federal public lands, when it is necessary to restrict harvest, for all rural residents. ANILCA §§ 801, 802, 804. Neither the State nor the FSB is allowed to discriminate based on a person's ethnicity, and that is not an issue in this case. By inventing an alleged harm, Sealaska claims an interest in this litigation that is not supported by the facts. Furthermore, FSB has no authority except on federal public lands, so no corporate lands are at issue in this litigation. Sealaska has no interest in this case.

The State's Complaint, and its briefing, make it clear that the objection to delegation of authority is directed at any delegation of authority by FSB to anyone outside of a federal land management agency. ECF 1, ¶¶ 1, 29; ECF 49 at 33-34. There are no implications, directly or indirectly, regarding Sealaska's corporate interests..

The State recognizes and supports Sealaska's interest in preserving art and culture. ECF 52 at 4-5. That is irrelevant in answering the questions before this court: whether FSB acted within its statutory authority and complied with Congressional directives.

In addition, Sealaska improperly seeks to include irrelevant documents that are not part of the administrative record. ECF 51-3, a bill that never became law, and ECF 51-4,

*ADF&G v. Federal Subsistence Board* Case No. 3:20-cv-00195-SLG
Opp. to Sealaska's Motion to File Amicus Page 3 of 5
Case 3:20-cv-00195-SLG Document 53 Filed 08/05/21 Page 3 of 5

Sealaska Heritage Institute paper on sharing food. "Judicial review of an agency decision is limited to 'the administrative record already in existence, not some new record made initially in the reviewing court.'" ECF 43 at 3, citing *Ctr. For Bio. Diversity v. Wolf*, 447 F.Supp.3d 965, 973 (D. Ariz. 2020) (quoting *Camp v. Pitts,* 411 U.S. 138, 142 (1973)).

For all of these reasons, Sealaska does not meet the minimum requirements of Rule 29 for filing an amicus brief.

DATED: August 5, 2021

                TREG R. TAYLOR
                ATTORNEY GENERAL

By:   /s/ Cheryl R. Brooking
       Cheryl R. Brooking
       Senior Assistant Attorney General
       Alaska Bar No. 9211069
       Department of Law
       1031 West Fourth Avenue, Ste. 200
       Anchorage, AK 99501
       Phone: (907) 269-5232
       Facsimile: (907) 276-3697
       Email: cheryl.brooking@alaska.gov
       Attorney for State of Alaska

**CERTIFICATE OF SERVICE**

I hereby certify that on August 5, 2021, I caused the foregoing document to be electronically filed with the Clerk of the Court using the CM/ECF system, which will serve all counsel of record.

*/s/ Hannah B. Pothast*
Hannah B. Pothast
Law Office Assistant

ADF&G v. Federal Subsistence Board　　　　　　　　　　　Case No. 3:20-cv-00195-SLG
Opp. to Sealaska's Motion to File Amicus　　　　　　　　　　　　　　　　Page 5 of 5
Case 3:20-cv-00195-SLG   Document 53   Filed 08/05/21   Page 5 of 5