Jonathan K. Tillinghast (Alaska Bar No. 7410109)
One Sealaska Plaza, Suite 300
Juneau, AK 99801
Telephone: (907) 321-3405
Email: jon@stsl.com

*Attorneys for Amicus Curiae Sealaska Corporation*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA**

| | |
|---|---|
| STATE OF ALASKA,<br>Department of Fish and Game<br><br>  Plaintiff,<br><br>  v.<br><br>FEDERAL SUBSISTENCE BOARD,<br>et al.,<br><br>  Defendants,<br><br>  and<br><br>ORGANIZED VILLAGE OF KAKE,<br><br>Intervenor-Defendant. | Case No.: 3:20-cv-00195-SLG |

**SEALASKA'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO
ACCEPT FILING OF *AMICUS CURIAE* BRIEF**

Whether or not to accept Sealaska's lodged *amicus* brief for filing depends upon whether the court believes that it would benefit by at least considering the arguments contained therein. And in that respect, the State's August 6, 2021 opposition provides guidance:

*First*, as the State notes, an *amicus* brief is useful if it "'alerts the [court] to possible implications of the appeal.'" *ECF 53* at 2 (case cite omitted). As Sealaska explained in its memorandum supporting its motion to file (Sealaska Motion), the State is asking this court to rule that Title VIII of ANILCA does not permit the Federal Subsistence Board (the "FSB") to allow tribal participants in a community hunt to designated hunters or determine who shares the harvest. [1]/ In its lodged brief, Sealaska devotes nearly 6 pages to laying out the "possible implications" that such a ruling may have on Alaska Native culture, largely by relying on a recent comprehensive study on precisely these issues—a study that would not be before the court absent the *amicus* brief. *ECF 51-2* at 11-16.

While Sealaska appreciates that the State may disagree with the conclusions reached in the study (and the *amicus* brief), that does not alter the fact that Sealaska's lodged brief satisfies the first test laid out by the State itself.

*Second*, the State allows that an *amicus* brief would be appropriate if it "'offer[s] a different analytical approach to the legal issues before the court.'" *ECF 53* at 2 (case cite omitted). The lodged *amicus* brief devotes a full page to that criterion. *ECF 51-2* at 7-8. In a nutshell: at the preliminary injunction stage, the court rejected the State's challenge to the Kake emergency hunt because the record did not indicate that the Kake hunt was limited to tribal members. *ECF 37* at 33-34. While not at all questioning the correctness of that ruling, the lodged *amicus* brief argues an alternative ground--*i.e.*, that, under Title VIII of

---

[1]/ As the State argues in its brief: ""[t]he FSB relinquished its administrative oversight and authorized OVK to select between members and non-members and decide who would participate in the hunt and who would be entitled to receive moose and deer meat." *ECF 49* at 38.

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.,*
Sealaska Corporation  Reply Mem. in Support of Motion to File Brief of *Amicus Curiae*  2 | P a g e
Case 3:20-cv-00195-SLG   Document 54   Filed 08/06/21   Page 2 of 6

ANILCA, the FSB may authorize a Native village to choose its community hunters and harvest recipients from among members of the tribe.

Proof enough that this argument has not heretofore been a focus of this litigation lies in the brief's 12-page summary of Title VIII's legislative history—something will be found nowhere else in the case record.

Despite being neither irrelevant nor duplicative, the State argues that Sealaska ought to be disqualified because it has no interest in this case. "[N]o corporate lands are at issue in this litigation," the State argues. Thus, "Sealaska has no interest in this case." *ECF 53* at 3. As the Sealaska Motion tried to explain, Sealaska was created under a law intended to meet Alaska Natives' cultural as well as economic needs, and over the decades Sealaska has achieved a national reputation as a champion of preserving that culture. *ECF 52* at 4-5. This activism has included participation as *amicus curiae* in state superior and supreme court litigation in which our region's subsistence rights are at stake—participation in which the State, up until now, has not found it necessary to oppose. [2]

Moreover, Sealaska *itself* is a direct participant in one of Alaska's most consequential subsistence sharing traditions, traditions that Sealaska maintains may be jeopardized if the State prevails in this litigation. *ECF 52* at 3.

The State's argument rests finally on its assertion that a ruling in its favor would do Alaska Native subsistence traditions no harm. *ECF 53* at 2-3. That is only the State's

---

[2] / *Amicus Memorandum, Sitka Tribe of Alaska v. State of Alaska, Alaska Dept. of Fish and Game*, 1SI-18-00212, Jan. 29, 2019; *Amicus Memorandum in Support of Petition for Review, Sitka Tribe of Alaska v. State of Alaska, Alaska Dept. of Fish and Game*, Ak. Supreme Ct., S17384, Feb. 28, 2019.

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*,
Sealaska Corporation  Reply Mem. in Support of Motion to File Brief of *Amicus Curiae*  **3** | P a g e

contention. Sealaska believes differently, and the lodged brief offers the court the 2021 study by Dr. Langdon as support for its contrary position. *ECF 51-3*. There is obviously a disagreement between the State and Sealaska over the "possible implications" of a ruling in the State's favor. Simply refusing to consider Sealaska's side of at argument would not seem a good way of resolving that dispute.

Lastly, the State contends that Sealaska impermissibly relies on two documents that are not in the record—the Langdon study and an early version of H.R. 39. *ECF 53 at 3-4*.

Relying on *Fed. R. Evid. 201, advisory comm. note (1972)* and cases decided thereunder, Sealaska's *amicus* brief devotes a nearly 2/3-page footnote explaining that the Langdon study presents "legislative facts" that need not have been in the record below. *ECF 51-2* at 11, n. 4. The Langdon study shows that maintaining Native hunting and sharing traditions is critical to preserving Alaska Native culture. Sealaska's argument is that interpreting Title VIII of ANILCA to prohibit those traditions would be contrary to the fundamental motivating factor behind Title VIII, which was to protect Alaska Native culture. The brief explains that the Langdon study is thus offered an aide to the interpretation of Title VIII, and not to adjudicating the facts of Kake's particular case, and therefore constitutes a "legislative fact" that "may be freely considered by the court, without the limitations otherwise applicable to the introduction of 'adjudicative facts'." *Id.* [3]/

---

[3] / The most famous case in which an appellate court sought out, and considered on its own initiative, scientific studies on the impact of its ruling is *Brown v. Board of Education*, 343 U.S. 494, n. 11 (1954), in which the Supreme Court consulted and relied upon a

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.,*
Sealaska Corporation  Reply Mem. in Support of Motion to File Brief of *Amicus Curiae*  **4** | P a g e
Case 3:20-cv-00195-SLG   Document 54   Filed 08/06/21   Page 4 of 6

The State's opposition makes mention of neither the legislative/adjudicative fact distinction nor *Federal Rule of Evidence 201*'s advisory commentary.

Lastly, the State's objection to Sealaska's inclusion of a courtesy copy of an early version of H.R. 39--allowing the court easy access to this legislative history rather than forcing it to retrieve this dog-eared document itself—is frivolous. The State's own brief prominently features a quote from an early version of H.R 39 without the courtesy appending the document itself. *ECF 49* at 28-29. Documents "relat[ing] to statements made during the lawmaking process… are legislative facts. The court is free to consult them…" without the necessity of following judicial notice procedures applicable to adjudicative facts. *Scholl v. Mnuchin*, 489 F. Supp. 3d 1008, 1021 n.3 (N.D. Cal. 2020).

Sealaska respectfully submits that the court should allow the filing of its lodged *amicus* brief.

Dated this 6th day of August, 2021.

>*/s/ Jonathan Tillinghast*
>Jonathan K. Tillinghast
>Simpson, Tillinghast, Sheehan & Araujo PC
>One Sealaska Plaza, Suite 300
>Juneau, Alaska 99801
>Telephone: (907) 321-3405
>Email: jon@stsl.com

---

number of studies supporting the proposition that segregated schools were inherently unequal.

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.,*
Sealaska Corporation  Reply Mem. in Support of Motion to File Brief of *Amicus Curiae*  **5 | P a g e**
Case 3:20-cv-00195-SLG   Document 54   Filed 08/06/21   Page 5 of 6

# CERTIFICATE OF SERVICE

I hereby certify that on August 6, 2021, a copy of the foregoing was served by electronic means on all counsel of record by the Court's CM/ECF system.

/s/ *Jonathan Tillinghast*
Jonathan Tillinghast

Case No. 3:20-cv-00195, *State of Alaska, Dep't of Fish & Game v. Fed. Subsistence Bd., et al.*,
Sealaska Corporation Reply Mem. in Support of Motion to File Brief of *Amicus Curiae* **6** | P a g e
Case 3:20-cv-00195-SLG   Document 54   Filed 08/06/21   Page 6 of 6